1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79. (3) 38 Cyc. pp. 1778, 1781. (4) 38 Cyc. p. 1711.

---

## KAWFIELD OIL CO. v. LASHLEY & RAMBO.

No. 16780—Opinion Filed Jan. 19, 1926.

Rehearing Denied June 22, 1926.

(Syllabus.)

**Appeal and Error—Dismissal—Frivolous Appeals.**

Where it clearly appears from the record that an appeal is frivolous and for delay merely, the appeal will be dismissed.

Appeal from District Court, Tulsa County; A. C. Brewster, Assigned Judge.

Action by Lashley & Rambo, a copartnership composed of Edmund Lashley and Hal F. Rambo, against Kawfield Oil Company, a corporation. Judgment for plaintiffs, and defendant appeals. On motion to dismiss. Motion sustained and appeal dismissed.

Higgens & Berton and Christy Russell, for plaintiff in error.

Russell B. James, for defendants in error.

PHELPS, J. This case is before us on a motion to dismiss the appeal because the appeal is frivolous and for delay. The defendants in error filed their suit in the district court of Tulsa county to recover from the plaintiff in error on an account. The account was verified and attached to the petition, which was also verified. The plaintiff in error, who was defendant below, answered by filing a verified general denial.

On March 2, 1925, the cause was set for trial on March 13, 1925, and on March 5, 1925, after first obtaining leave of court, plaintiffs who are de.endants in error here, filed their reply to defendant's answer, and when the cause was called for trial on March 13th the defendant moved to strike certain parts of the reply upon the grounds that they were irrelevant, redundant, immaterial, and constituted a departure from the allegations of the petition, and also filed a motion to strike the cause from the trial docket for the reason that it had not been at issue ten days prior to the time it was set for trial. Whereupon, the plaintiffs withdrew their reply and the court overruled defendant's motion to strike the cause from the trial docket. Plaintiffs introduced their evidence, and judgment was rendered for plaintiffs as prayed for in their petition; no evidence or defense being offered by de-

fendants. Motion for new trial was filed and overruled, and appeal perfected.

The evidence introduced is omitted from the case-made and in the response to the motion to dismiss the appeal counsel for plaintiff in error expressly state that they do not challenge the sufficiency of the evidence to support the judgment. It is, therefore, apparent from the record that the appeal is frivolous and for delay merely, and following the rule laid down in Jackson v. Durant Nat. Bank, 101 Okla. 228, 224 Pac. 960, Weston v. Blythe, 108 Ok'a. 55, 233 Pac. 693 and Howe v. Tarloshaw, 108 Okla. 182, 235 Pac. 594, the same is dismissed and judgment rendered on the supersedeas bond for the amount of the judgment, to wit, $1,141.72, with interest thereon at six per cent. per annum from November 6, 1923, until paid and for the costs of the action, including the costs of this appeal.

NICHOLSON, C. J., BRANSON, V. C. J., and MASON, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 4 C. J. p. 574 §2382.

---

## KNOWLES v. WHITEHEAD OIL CO. et al.

No. 17183—Opinion Filed June 22, 1926.

(Syllabus.)

**1. Master and Servant — Workmen's Compensation Law—Time for Appeal from Award.**

Section 7297, C. O. S. 1921, as amended by S. L. 1923, ch. 61, sec. 8, provides for a review in the Supreme Court from an award or decision of the State Industrial Commission, and under such provision said action must be filed in this court within 30 days after notice of the award or decision of the Industrial Commission has been sent to the parties affected.

**2. Same—Time Not Affected by Petition for Rehearing Below.**

The statutory period provided for lodging an action in this court to review an award or decision of the State Industrial Commission can not be extended by entertaining a petition to rehear or review in the Industrial Commission.

**3. Same—Dismissal of Appeal Filed After 30 Days.**

The petition to review the award of the Industrial Commission not having been filed in this court within 30 days after notice of the award or decision of the Industrial Commission has been sent to the

parties affected, the action will be dismissed.

Action to Review Decision of the State Industrial Commission.

Action by Oliver P. Knowles against the Whitehead Oil Company and others to review a decision of the Industrial Commission, denying claimant compensation. Dismissed.

James J. Mars, for petitioner.

H. E. Whitehead, for respondents.

Fred Hansen, Asst. Atty. Gen., for Industrial Commission.

PER CURIAM. This is an action to review a decision of the State Industrial Commission made December 31, 1925, and an order made January 23, 1926, denying a motion of the petitioner, claimant below, for the Industrial Commission to review or rehear the Commission's decision. The action was filed in this court February 13, 1926.

The respondent has filed its motion to dismiss the action for the reason that said cause was not filed in this court within the statutory period of 30 days, as provided by section 7297, C. O. S. 1921, and amended by S. L. 1923, ch. 61, sec. 8, for bringing an action in this court from an award or decision of the State Industrial Commission. The pertinent part of this statute is as follows:

"The award or decision of the Commission shall be final and conclusive upon all questions within its jurisdiction between the parties, unless within 30 days after a copy of such award or decision has been sent by said Commission to the parties affected, an action is commenced in the Supreme Court to review such award or decision. * * *"

It is necessary, therefore, to lodge the action in this court within 30 days after a copy of such award or decision has been sent by the Commission to the parties affected, to give this court jurisdiction to review the award or decision. It is the contention of the respondent, in its motion to dismiss, that the order denying the motion to review or rehear by the Commission is not an award or decision, and did not toll the statute to give the petitioner 30 days from January 23, 1926, within which to file his action in this court.

The respondent cites the case of Sandoma Petroleum Co. et al. v. Tow et al., 90 Okla. 276, 217 Pac. 412, where it was held by this court:

"No motion for new trial is necessary or authorized under this statute, and the 30 day period within which to file petition for review begins to run from the date of the award, and the filing of the motion for new trial does not extend the time within which to commence proceedings for review. The petition not having been filed in this court within 30 days from the date of the award, the petition for review is dismissed."

The facts as outlined in the opinion above are that the award was made March 29, 1923, and motion for a new trial was filed April 2, 1923, and overruled April 27, 1923. The petition for review was filed in this court on May 24, 1923, more than 30 days after the award, but less than 30 days after the motion for new trial was overruled. The appeal was dismissed.

The petitioner in his response contends that the case of Sandoma Petroleum Co. et al. v. Tow et al., supra, does not apply in the instant case, inasmuch as the opinion was written prior to the adoption of the rule by the Industrial Commission providing that a party dissatisfied with the decision of the Commission might file a petition for a rehearing within 30 days after the decision. The rule became effective June 30, 1923, and was amended November 17, 1924, providing that the time for filing the petition for rehearing was limited to ten days instead of 30. Petitioner cites the case of Fitzsimmons v. State Industrial Commission et al., 108 Okla. 276, 236 Pac. 616, opinion therein rendered by Justice Riley, as holding that the time for filing the action is 30 days from the date the petition to rehear or review is overruled. True, in that case, a petition to review was overruled by the Commission, but the question of whether or not the statutory period of 30 days, within which to file an action in this court, runs from the date of overruling the petition to review or from the date of the award or decision is not touched upon therein, and has no application here.

This question has been disposed of in other states. In North Pacific S. S. Co. v. Industrial Accident Commission et al. (Cal.) 168 Pac. 30, it is held:

"The statute, providing that a petition for writ of review of an award of the Industrial Commission must be made within 30 days of the award, must be regarded as a statute of limitation, and a petition made after that time will be dismissed."

In Enneberg v. State Industrial Accident Commission (Ore.) 167 Pac. 310, 171 Pac. 765, it is held that the final voucher sent to plaintiff constituted notice to him of the decision of the Commission to suspend payment, and the notice of appeal, being filed more than 30 days thereafter, was too late. In that

case the Commission gave a second notice to the claimant that payment had been suspended, but the Supreme Court of Oregon held that the time within which to appeal ended 30 days after the first notice of the decision to suspend payment, and not after the second notice.

In Thaxter v. Finn, Sheriff (Cal.) 173 Pac. 163, it is stated in the 1st paragraph of the syllabus:

"Notwithstanding award of compensation would have been annulled on proper review proceedings, the employer can have relief only where a proceeding for judicial review is instituted in the proper time and court, failing which, the award is not open to other attack in view of Workmen's Compensation Act, sec. 27, limiting review to courts specified * * * providing for review, in 30 days in Supreme or District Court of Appeal. * * *"

In that case the employer paid $270.53 at the time the Commission made its award, and made weekly payments to the claimant for approximately two years, and then stopped payments because of decisions by the Supreme Court of California holding that the Legislature was not empowered to confer judicial authority upon the Commission to inquire into, determine, and enforce liabilities under section 30 of the act, in favor of the employee against persons other than his immediate employer; such as the opinion states the facts were in that case. Nevertheless, the claimant was granted writ of mandate to collect the payments, for one reason that the employer had not appealed within the time set out in the statute.

It was held in Salt Lake City v. Industrial Commission (Utah) 215 Pac. 1047, that the defeated party must apply to the Supreme Court within 30 days for a writ of review after the petition for rehearing had been disposed of, but under the Utah statute it is provided the Commission may entertain a petition for rehearing, and that the appeal must be perfected within 30 days thereafter, and that the time for filing the action runs from the disposition of that first petition for rehearing and not after the second petition for rehearing is disposed of, notwithstanding a statute in that state which provides that the Commission shall have "continuous jurisdiction" of the case. This holding is affirmed in Ferguson v. Industrial Commission et al. (Utah) 221 Pac. 1099, stating that the time of appeal runs from the denial of the first petition for rehearing, and not from the second petition.

In Jackson v. State Industrial Accident Commission (Ore.) 235 Pac. 302, the claim-

ant had been awarded compensation, and, on a subsequent hearing, was ordered to refund the payments; notice to the claimant was given on February 16, 1924. Some correspondence followed between claimant and the Commission, and on May 13, 1924, he filed notice of appeal to the circuit court of Oregon. The judgment there against the Commission was appealed to the Supreme Court, and was reversed and remanded, with directions to dismiss, although the Commission had given notice by letter a second time within 60 days—the Oregon statutory period in such cases within which to appeal—that the claimant would be required to refund the payments made.

It appears to be well settled that the defeated party must commence his action in the appellate court within the statutory period for lodging such action from the date of the first notice of the Industrial Commission, and not from the date of a subsequent notice to the same effect.

The Oklahoma statute, section 7297, supra, provides that the action must be filed within 30 days after notice of the award or decision has been sent to the parties affected, and the denial of a petition for rehearing of a decision is not the decision of the Commission, and unless said cause is lodged in this court within said 30 days, this court acquires no jurisdiction, and the action will be dismissed. The time for filing an action to review, prescribed by the Legislature, cannot be extended by entertaining a petition to review or rehear, although the Commission, by its rules, provides that it will entertain and dispose of a petition to review or rehear.

The action is dismissed.

Note.—See under (1) Workmen's Compensation Acts C. J. p. 119 §123. (2) Workmen's Compensation Acts C. J. p. 119 §123. (3) Workmen's Compensation Acts C. J. p. 119 §123. See under (1, 3) anno. L. R. A. 1916A, pp. 163, 266; L. R. A. 1917D, 186; 28 R. C. L. p. 823; 5 R. C. L. Supp. p. 1579.