ROFTIS v. STATE INDUSTRIAL COMMISSION et al.

No. 17011. Opinion Filed Sept. 21, 1926.

Rehearing Denied July 5, 1927.

(Syllabus.)

1. **Master and Servant—Workmen's Compensation Law—Time for Appeal from Awards.**

Section 7297, C. O. S. 1921, as amended by S. L. 1923, ch. 61, sec. 8, provides for a review in the Supreme Court of a decision of the State Industrial Commission, and under such provision said action must be filed in this court within 30 days after notice of the award or decision of the Industrial Commission has been sent to the parties affected.

2. **Same—Dismissal of Petition Filed After Time for Proceedings.**

The petition to review the award of the Industrial Commission not having been filed in this court within 30 days after notice of the award or decision of the Commission had been sent to the parties affected, this court cannot acquire jurisdiction, and the action will be dismissed. Knowles v. Whitehead Oil Co. et al., 121 Okla. 55, 247 Pac. 653.

Action to review a decision of the State Industrial Commission.

Action by Steve Roftis against the Pan American Refining Company et al. to recover additional payments for injuries received. Petition for rehearing denied by the Industral Commission. Action for review dismissed.

E. R. Powers, for petitioners.

M. E. Jordan and Lydick & McPherren, for respondents.

PER CURIAM. This is an action to review a decision of the State Industrial Commission made January 9, 1925, wherein the Commission approved a joint petition filed by the parties herein, asking that the claimant be allowed $2,000 in final and full payment for injuries received while employed by the respondent.

A petition for rehearing was filed with the Commission by the claimant on August 8, 1925, and hearing held thereon at Sapulpa, Okla., on September 17, 1925. On November 2, 1925, the Commission sustained an objection, made by the respondent, to the introduction of any testimony in support of the petition for rehearing for the reason that the Commission had approved a final settlement on joint petition. Thereafter, on December 1, 1925, the Commission overruled a motion to vacate the order denying the petition for rehearing. This action was commenced in this court on May 25, 1926, to review the decision of the Commission, almost six months after the Commission's final order, and approximately 16 months after the decision of the Commission.

"Section 7297, C. O. S. 1921, as amended by S. L. 1923, ch. 61, sec. 8, provides for a review in the Supreme Court of an award or decision of the State Industrial Commission, and under such provision said action for review must be filed in this court within 30 days after notice of the award or decision of the Industrial Commission has been sent to the parties affected."

"The petition to review the award of the Industrial Commission not having been filed in this court within 30 days after notice of the award of the Industrial Commission has been sent to the parties affected, the action will be dismissed." See Knowles v. Whitehead Oil Co. et al., 121 Okla. 55, 247 Pac. 653.

The statutory period of 30 days commenced to run from the date the notice of the decision on the joint petition was sent to the parties. The record does not disclose when this notice was given to the parties, except that they evidently had notice of the decision, as all parties were present when the hearing was had on the petition for rehearing on September 17, 1925; and since they had notice of the Commission's decision at that time, they should have, at the latest, lodged the action to review in this court within 30 days thereafter. See Knowles v. Whitehead Oil Co. et al., supra, and authorities cited there, to the effect that the filing of a petition for rehearing with the Industrial Commission does not toll the statute for commencing the action to review in this court.

The petitioner is delinquent, further, inasmuch as his action was not commenced in this court for more than five months after the final order of the Commission refusing to vacate the order denying the petition for rehearing.

The action is dismissed.

Note.—See under (1) C. J. p. 120, §123 (Anno). (2) C. J. p. 120, §123 (Anno).