## BUFF v. STATE INDUSTRIAL COMMISSION et al.

No. 17120—Opinion Filed Feb. 15. 1927.

(Syllabus.)

1. **Master and Servant—Workmen's Compensation Law—Time for Proceeding for Review of Decisions—Statutes.**

Section 7297. Comp. Stats. 1921. as amended by Laws 1923, chapter 61, section 8 provides for a review in the Supreme Court from an award or decision of the State Industrial Commission, and under such provisions said action must be filed in this court within 30 days after notice of the award or decision of the Industrial Commission has been sent to the parties affected.

2. **Same—Petition to Review Not Filed Within Statutory Time—Dismissal.**

The petition to review the award of the Industrial Commission not having been filed in this court within 30 days after notice of the award or decision of the Industrial Commission had been sent to the parties affected, the action will be dismissed.

Action by Solomon Buff against State Industrial Commission and others to review decision of the Commission overruling application for modification and rehearing of award. Dismissed.

C. F. Chapman, for plaintiff in error.

Clayton B. Pierce, for defendants in error.

PER CURIAM. This is an action in this court to review an award of the State Industrial Commission made on the 7th day of December, 1925, wherein petitioner herein was claimant and the Oklahoma Natural Gas Company was respondent, and the Aetna Life Insurance Company was the insurance carrier.

Notice as required by law was sent to all parties interested on December 8, 1925, as shown by the certificate of the secretary of said Industrial Commission. The petition to review this award was filed in this court on January 9, 1926.

Section 7297, Comp. Stats. 1921, as amended by section 8, chapter 61, Session Laws 1923, approved March 29, 1923, provided:

"The award or decision of the Commission shall be final and conclusive upon all questions within its jurisdiction between the parties, unless within 30 days after copy of such award or decision has been sent by said Commission to the parties affected, an action is commenced in the Supreme Court to review such award or decision."

This court, in the case of Knowles v. Whitehead Oil Co. et al., 121 Okla. 55, 247 Pac 653, laid down the rule that:

"Section 7297, Comp. Stats. 1921, as amended by Laws 1923, chapter 61, section 8, provides for a review in the Supreme Court from an award or decision of the State Industrial Commission, and under such provisions said action must be filed in this court within 30 days after notice of the award or decision of the Industrial Commission has been sent to the parties affected."

In the body of the opinion in that case, after a well-considered analysis of the decisions of the appellate courts of the various states in passing upon similar statutes, this court said:

"It appears to be well settled that the defeated party must commence his action in the appellate court within the statutory period for lodging such action, from the date of the first notice of the Industrial Commission, and not from the date of a subsequent notice to the same effect."

The first notice given by the Commission in the instant case was on December 8, 1925, and the 30 days period for commencing proceedings to review the award of the Industrial Commission expired January 7, 1926. This proceeding for review of the award or decision in the case at bar was commenced January 9, 1926, two days after the date had expired, and upon motion of the respondent the proceedings to review in this cause are hereby dismissed.

Note.—See under (1) Workmen's Compensation Acts—C. J. pp. 119, 120, §123. (2) Workmen's Compensation Acts—C. J. p. 120, §123.