## AMERADA PETROLEUM CORP. v. WILLIAMS et al.

No. 18269. Opinion Filed July 19, 1927.

(Syllabus.)

**1. Master and Servant—Workmen's Compensation Law—Appeal—Time for Filing Cross-Petition.**

Where respondent files in this court its petition to review an award of the State Industrial Commission, and the claimant files cross-petition to review the same award. such cross-petition must be filed in this court within 30 days after notice of award or decision of the Industrial Commission has been sent to the parties affected.

**2. Same—Time for Appeal not Extended by Petition to Rehear Below.**

The statutory period provided for lodging an action in this court to review an award or decision of the State Industrial Commission cannot be extended by entertaining a petition to rehear or review in the Industrial Commission.

Proceedings to review an award of the State Industrial Commission in favor of the claimant below, Charlie B. Williams, and claimant filed herein cross-petition. Cross-petition dismissed.

Clayton B. Pierce, for petitioner.

Hutson, Smith & Franklin, for respondents.

PER CURIAM. The cross-petitioner herein, Charles B. Williams, was claimant before the Industrial Commission, and the petitioner herein, Amerada Petroleum Company, was respondent. On the 31st day of March, 1927, the State Industrial Commission made an award in favor of the claimant and against the respondent, and notice thereof was mailed to both the claimant and respondent on the 1st day of April, 1927. Thereafter, on the 7th day of April, 1927, the claimant filed his motion to set aside said order, and on the 13th day of April, 1927, the said Commission made an order overruling said motion. To review said award the respondent, Amerada Petroleum Company, filed its petition in this court on the 20th day of April, 1927; thereafter, on the 3rd day of May, 1927, the claimant filed his answer and cross-petition for review of said award.

Section 7297, C. O. S. 1921, provides that:

"The award or decision of the Commission shall be final and conclusive on all questions within its jurisdiction between the parties unless within 30 days after a copy of such award or decision has been sent by the Commission to the parties affected,

an action is commenced in the Supreme Court of the state to review such award or decision. * * * Such action shall be subject to the law and practice applicable to other civil actions cognizable in said court."

The filing of a cross-petition in error attached to case-made previously filed in the Supreme Court to reverse or modify the judgment or final order of the trial court is the commencement of a proceeding in error in the Supreme Court at the instance of the party filling the cross-petition. Title Guaranty & Surety Co. v. Foster, 84 Okla 291, 203 Pac. 231.

In the case of Buff v. State Industrial Commission et al., 122 Okla. 199, 253 Pac. 493, this court held:

"Section 7297, Comp. Stats. 1921, as amended by Laws of 1923, chapter 61, section 8, provides for a review in the Supreme Court from an award or decision of the State Industrial Commission, and under such provisions said action must be filed in this court within 30 days after notice of the award or decision of the Industrial Commission has been sent to the parties affected.

"The petition to review the award of the Industrial Commission not having been filed in this court within 30 days after notice of the award or decision of the Industrial Commission had been sent to the parties affected, the action will be dimissed."

In the case of Knowles v. Whitehcad Oil Co. et al., 121 Okla. 55, 247 Pac. 653, this court held:

"The statutory period provided for lodging an action in this court to review an award or decision of the State Industrial Commission cannot be extended by entertaining a petition to rehear or review in the Industrial Commission."

Under the provisions of section 7297, supra, proceedings for review of an award of the Industrial Commission are subject to the law and practice applicable to other civil actions in this court, except as specifically provided in the Workmen's Compensation Law. In the absence of any statutory provisions in the Workmen's Compensation Law governing cross-petition for review, such action upon the part of the cross-petitioner must be governed by the law and practice governing appeals generally, and in the instant case the cross-petition for review must be filed within the 30 days' limit provided in said section 7297. The petition to review said award filed with said Commission does not extend the time in which to file said cross-petition, and the same must be filed within the time allowed by law for the filing of a petition for review. The time

for filing a petition for review expired on May 1, 1927, and the cross-petition for review herein was not filed until May 3, 1927, two days after the time in which to file the same had expired.

Upon motion of the petitioner herein, respondent below, the cross-petition of claimant herein is hereby dismissed.

Note.—See Workmen's Compensation Acts, C. J. p. 119, §123.