## FORD v. SANDERS et al.

No. 18673.  Opinion Filed Oct. 25, 1927.

(Syllabus.)

1. **Master and Servant—Workmen's Compensation Law—Time for Filing Action to Review Award.**

An action in this court to review an award or decision of the State Industrial Commission must be filed within 30 days after a copy of such award or decision has been sent by the Commission to the parties affected.

2. **Same—Time not Extended by Filing Motion for Rehearing Below.**

The statutory period for lodging an action in this court to review an award or decision of the State Industrial Commission is not extended by filing a motion before the Industrial Commission to review or rehear such award.

Original action in Supreme Court to review an award of the State Industrial Commission, wherein G. Ford was claimant and Lee Sanders and another were respondents. Dismissed.

Gustave A. Erixon, for petitioner.

Owen, Armstrong, Short & Looney and J. Fred Swanson, for respondents.

PER CURIAM. This is an original action in this court to review an award of the State Industrial Commission made on the 11th day of June, 1927, wherein the petitioner herein was claimant and the respondent herein, Lee Sanders, was the employer and the United States Fidelity & Guaranty Company was the insurance carrier.

A copy of the award so made was sent to the parties affected thereby on the 21st day of June, 1927, as shown by the certificate of the secretary of the State Industrial Commission incorporated in the transcript filed herein. The petition to review this award was filed in this court on the 27th day of August, 1927. The respondents herein have filed their motion to dismiss this action for the reason that this cause was not filed within the statutory period of 30 days as provided by section 7297, C. O. S. 1921, and amended in section 8, ch. 61, Session Laws 1923, for bringing an action in this court for review of an award or decision of the State Industrial Commission. Said section 7297, supra, provides:

"The award or decision of the Commission

shall be final and conclusive upon all questions within its jurisdiction between the parties, unless within 30 days after a copy of such award or decision has been sent by the Commission to the parties affected, an action is commenced in the Supreme Court to review such award or decision."

This court in the case of Buff v. State Industrial Commission et al., 122 Okla. 199, 253 Pac. 493. and in the case of Knowles v. Whitehead Oil Co. et al., 121 Okla. 55, 247 Pac. 653, held that:

"Section 7297, Comp. Stats. 1921, as amended by Laws 1923, chapter 61, section 8, provides for a review in the Supreme Court from an award or decision of the State Industrial Commission, and under such provisions said action must be filed in this court within 30 days after notice of the award or decision of the Industrial Commission has been sent to the parties affected."

The petitioner herein has responded to the motion to dismiss and asserts that after the making of the award or decision by the Industrial Commission, he filed before said Commission a motion for a review or rehearing in this cause and that said motion was not overruled until the 28th day of July, 1927, and that the period of time in which to file petition to review in this court did not begin to run until the overruling of this motion. This court has held adversely to this contention in the case of Knowles v. Whitehead Oil Co. et al., supra, as follows:

"The statutory period provided for lodging an action in this court to review an award or decision of the State Industrial Commission cannot be extended by entertaining a petition to rehear or review in the Industrial Commission."

The same rule is laid down by this court in the case of Sandoma Petroleum Co. et al. v. Tow et al, 90 Okla. 276, 217 Pac. 412, as follows:

"Section 7297, Comp. Stats. 1921, provides the method for review of an award of the Industrial Commission by the Supreme Court, and under this proceeding no motion for a new trial is necessary or authorized, and the time within which proceedings in the Supreme Court are to be instituted runs from the date of the award and not from the date of the order overruling the motion for new trial."

Following the rule laid down in the cases above cited, the motion for rehearing before the Industrial Commission did not extend the time in which this action may be brought. Under this rule the time for bringing this action expired on July 21, 1927, 30 days after a copy of the award was sent to the parties affected thereby. This action was filed in this court on the 27th day of August, 1927, long after the time had expired. in which to bring the same, and this court is without jurisdiction to hear and review the award of the Industrial Commission sought to be reviewed. This action is therefore dismissed.

Note.—See Workmen's Compensation Acts, C. J. p. 119, §123: anno. L. R. A. 1917D, 186.