### GRAVER CORPORATION et al. v. CULLUM et al.

No. 18885.   Opinion Filed Feb. 12, 1929.

Rehearing Denied May 14, 1929.

Lydick, McPherren & Jordan, for petitioners.

T. G. Chambers, Jr., and Ben C. Arnold, for respondents.

DIFFENDAFFER, C. This is a proceeding brought in this court by petitioners to review an order of the State Industrial Commission setting aside an order of the Commission made discontinuing payment of compensation to respondent, W. P. Cullum.

From the record, it appears that, on or about the 23rd day of April, 1927, respondent, W. P. Cullum, received an accidental injury while in the employ of petitioner, Graver Corporation. Employers' first notice of injury was filed April 26, 1927. Compensation at the rate of $16 per week was paid by petitioner, Liberty Mutual Insurance Company, the insurance carrier, up to and including the 8th day of July, 1927.

On June 20, 1927, Cullum filed with the Commission a motion for medical attention, in which he set out, in substance, that the injury from which he was suffering was a broken neck; that he had been in a hospital at Seminole, Okla., from the date of the accident until June 11th; that on June 9th, a cast had been removed from his neck, and that he was discharged from the hospital June 11th, and that, at the date of filing the motion, he was at his home on a farm; that he could not move his head, suffered great pain, and was weak and nervous; was without medical attention, and without means to secure same; that his condition was such that he needed to be in a hospital under the care of competent doctors. On June 23rd, the Commission issued an order that claimant report to the insurance carrier for medical attention, and upon refusal to provide claimant with necessary medical attention, claimant was authorized to procure same at the expense of the insurance carrier. Claimant was thereafter examined by Dr. John W. Riley and Dr. R. O. Early at Oklahoma City on July 5, 1927. A report of the examination was filed with the Commission on July 12th. The report of Dr. Riley covers six closely written pages, and concludes as follows:

"Examination of this patient shows a rather mask-like expression and a rather lack of keen mental perception of things. The only evidence of residue of disability, that I was able to observe at this time, was a lack of free, painless mobility of the neck and complete flexion and to a lesser degree in adduction. Extension and rotation seems to be fairly normal and painless.

"The patient came to the hospital for treatment, if necessary, but I have gone into the case very carefully and have shown the patient the X-rays that we have taken, and explained the absence of any osseous lesion, and I advised him to return to work of some kind, so that he might rehabilitate his muscular system.

"The mobility that he will use in an ordinary manner, which will consist of stretching and using the muscles of the neck and joints of the carivical vertebra, in my opinion, is all the treatment that will be necessary for him. I do not believe that there will be any residue of disability after this rehabilitation has occurred.

"I advised the boy at this time to return to light work at any early date, gradually working towards the end result of a return to the industry in which he was occupied at the time of his injury of April 23, 1927."

Thereafter, July 16, 1927, respondent insurance carrier filed its motion to discontinue compensation based upon the report of the examining physician. On July 20th, an unsigned notice that hearing of this motion would be held on August 18th was filed. No proof of service of the notice was filed. The notice had attached thereto a form of acknowledgment of receipt thereof, which was not signed by either party. On August 18th, the date fixed in notice of hearing, the insurance carrier appeared, but claimant made no appearance. Thereupon, the testimony of Dr. Riley was taken, and on August 19th, the Commission made an order that the motion of the respondent herein, Graver Corporation, and the insurance carrier, to discontinue compensation, as of July 8, 1927, be sustained. On August 29, 1927, claimant filed a motion for "rehearing" in which he set out, in substance, that he was totally and permanently disabled as a result of the injury, and unable to perform any labor whatever; that he had no notice whatever of any hearing having been set or held on the motion to discontinue compensation; and asked that the order made on August 19th discontinuing compensation be set aside, and that the case be set down for hearing and all parties notified according to law. On October 7, 1927, the Commission made and entered the following order:

"Now on this the 7th day of October, 1927, comes on to be determined the motion filed herein by the claimant to reopen this cause for further hearing to determine extent of disability, and, upon a review of the testimony herein and the records in said cause, the Commission is of the opinion that said order of August 19, 1927, should be set aside and that this cause should be redocketed and set down for hearing anew.

"It is therefore ordered: That the order made herein on the 19th day of August, 1927, be and the same is hereby set aside and held for naught, and that this cause be redocketed and set down for hearing at Oklahoma City, Okla., at such times as the Commission may hereafter direct."

To review this order these proceedings are brought.

There is but one proposition involved, that is, the authority of the State Industrial Commission, on October 7, 1927, to set aside its order made on August 19th, discontinuing compensation. It is contended that, by reason of section 7297, C. O. S. 1921, the order discontinuing compensation made and entered on August 19, 1927, became final and binding upon all parties after 30 days from that date, for the reason that no action was commenced within said 30 days in the Supreme Court to review said order. Said section in part provides:

"The award or decision of the Commission shall be final and conclusive upon all questions within its jurisdiction between the parties, unless, within 30 days after a copy of such award or decision has been sent by said Commission to the parties affected, an action is commenced in the Supreme Court of the state to review such award or decision."

In Bedford-Carthage Stone Co. et al. v. State Industrial Commission et al., 119 Okla. 231, 249 Pac. 706, it was held:

"Where an award of compensation for accidental injury is not questioned by application for rehearing filed within ten days, as provided by the rules of the Industrial Commission, nor by an action in the Supreme Court within 30 days, such award is final and conclusive upon all questions within the Industrial Commission's jurisdiction: and the Commission is without power or jurisdiction thereafter to vacate, modify, or change the award except upon the ground of a change in conditions."

The rule referred to in the above case is rule No. 30. promulgated by the Commission under authority of section 7318, C. O. S. 1921, which reads:

"The Commission shall adopt reasonable rules not inconsistent with this act, regulating and providing for:

"(1) The kind and character of notices, and the service thereof, in case of accident and injury to employees.

"(2) The nature and extent of the proofs and evidence, and the method of taking and furnishing the same, to establish the right to compensation.

"(3) The forms of application of those claiming to be entitled to compensation.

"(4) The method of making investigations, physical examinations, and inspections.

"(5) The time within which adjudication and awards shall be made.

"(6) The conduct of hearing investigations and inquiries.

"(7) The giving of undertakings by all subordinates who are empowered to receive and disburse moneys, to be approved by the Attorney General as to forms and by the Governor as to sufficiency.

"(8) Carrying into effect the provisions of this act."

The first paragraph of rule 30, supra, is:

"Any party, or parties, aggrieved or dissatisfied with an award, order or decision of the Commission, may at any time, within ten days from the date of said award, order or decision. apply for a rehearing on the grounds that the Commission acted without or in excess of its power; that the order, decision or award was procured by fraud; that the evidence does not justify the findings; that the applicant has discovered new evidence; that the findings do not support the order, decision or award."

It is contended by claimant that Bedford-Carthage Stone Co. et al. v. Industrial Commission, supra, is in effect that either the filing of a motion for rehearing within 10 days or the bringing of the action in the Supreme Court is sufficient to prevent the order of award from becoming final.

We think it clearly within the power of the Commission to provide by rule for motion for rehearing, but the filing of such motion within the time provided by the rule will not suspend the statute, which provides that the award or decision shall become final and conclusive upon all questions within its jurisdiction, un'ess within 30 days after a copy of such award or decision has been sent by said Commission to the parties affected, an action is commenced in the Supreme Court to review such award or decision. This direct question has been determined by this court in Ford v. Sanders et al., 127 Okla. 233, 260 Pac. 467, wherein it was held:

"An action in this court to review an

award or decision of the State Industrial Commission must be filed within 30 days after a copy of such award or decision has been sent by the Commission to the parties affected.

"The statutory period for lodging an action in this court to review an award or decision of the State Industrial Commission is not extended by filing a motion before the Industrial Commission to review or rehear such award."

To the same effect is Knowles v. Whitehead Oil Co., 121 Okla. 55, 247 Pac. 653; Buff v. State Ind. Com. et al., 122 Okla. 199, 253 Pac. 493; and Sandoma Pet. Co. et al. v. Tow et al., 90 Okla. 276, 217 Pac. 412. But it will be observed that the statute provides that the 30 days shall run, not from the date when the order is made, but from the date a copy of the award is sent by the Commission to the parties affected. In most of the cases above cited, the records show the date when the award or decision sought to be reviewed was made, and that a copy thereof was sent by the Commission to the parties affected, after the same was made and filed.

Section 7294, C. O. S. 1921, as amended by section 7, chapter 61, Session Laws 1923, among other things provides:

The Commission shall have full power and authority to determine all questions in relation to payment of claims for compensation under the provisions of this act. The Commission shall make, or cause to be made, such investigation as it deems necessary, and upon application of either party shall order a hearing, and as soon as practicable, after a claim for compensation is submitted under this section, or such hearing closed, shall make or deny an award determining such claim for compensation, and file the same in the office of the Commission, together with the statement of its conclusion of fact and rulings of law. * * * Immediately after such filing, the Commission shall send to the parties a copy of the decision."

The only showing in the record that a copy of the decision of the Commission, made on the 19th day of August, 1927, ordering that compensation be discontinued, was sent to the parties affected, is the certificate of the secretary, which is not under the seal of the Commission, but appears to have been made before a notary public, found at page 22 of the record, and is:

"That the records of said Industrial Commission and the files and records copied in the within transcript show that a copy of the award of said Commission made and dated on the 19th day of August, 1927, and which is set forth on the 19th page of the within transcript, was sent to each and all of the parties affected thereby on the 18th day of August, 1927, by depositing on said date the said copy in the United States post office at Oklahoma City, Okla., in an envelope properly addressed to each of said parties, such envelope was affixed with proper postage, fully prepaid. A. E. Bond, Secretary State Industrial Commission, William Noble, Notary Public (Seal) My Commission expires Feb. 1, 1930. Dated this 10th day of January, 1928."

This certificate shows, as does the order itself, that the order was made on August 19, 1927. It further shows that a copy thereof was sent to all the parties affected thereby on the 18th day of August, 1927. There is a notation in pencil on the copy of the order showing "Filed 8-18-27 State Ind. Com." Just how a copy could be filed the day before the order was made does not appear. Nor can we understand how a copy thereof could be sent to all the parties affected thereby one day before the order was made. The statute requires that a copy of the order be sent to the parties affected thereby after it is filed, and from the date it is so sent, the 30 days allowed by law, within which proceedings for review may be commenced in the Supreme Court begins to run. There is no authority for sending a copy of any order before such order is made. If a copy may be sent one day before it is made, and thereby start the 30 days' limitation running, then it may be sent any number of days before it is filed, and thus further limit the time to begin proceedings for review.

We think the sending of a copy one day or any number of days before an order is made and filed is a nullity.

It appearing from the record that the act essential to start the 30 days' limitation running, viz., sending a copy of the order to the parties affected after it had been made and filed, was never done, the Industrial Commission did not lose jurisdiction and had the power under the provisions of section 7325, C. O. S. 1921, as amended by section 13, chapter 61, Session Laws 1923, to set aside the order made. The applicable part of section 7325, supra, is.

"The power and jurisdiction of the Commission over each case shall be continuing, and it may, from time to time, make such modifications or changes with respect to former findings or orders relating thereto if, in its opinion, it may be justified."

The petition for review should therefore be denied.

BENNETT, HERR, HALL, and TEEHEE, Commissioners, concur.

By the Court: It is so ordered.