### SOUTHERN FUEL CO. v. STATE INDUSTRIAL COM. et al.

No. 19687.    Opinion Filed Jan. 21, 1930.

Commissioners' Opinion, Division No. 1.

Fuller, Porter & Fuller, for petitioner.

W. N. Redwine, for respondent John W. Lambert.

FOSTER, C. This action is brought to review an award of the State Industrial Commission. On June 17, 1927, after a hearing, the Industrial Commission made an award in which it found that the claimant, John W. Lambert, was injured while in the employ of the Southern Fuel Company on October 4, 1923, and while engaged in a hazardous occupation, subject to the provisions of the Workmen's Compensation Act, and that such injury arose out of and in the course of his employment, and that the claimant sustained an accidental injury which resulted in a permanent total disability; that the average wage of the claimant was $7.50 a day, and ordered that the Southern Fuel Company pay the claimant a compensation at the rate of $18 a week for 500 weeks, or until otherwise ordered by the Commission.

On December 28, 1927, the petitioner, Southern Fuel Company, filed an application to reopen the cause and set aside the order of June 17, 1927, on the grounds: First,

that there had been fraud practiced by the claimant in securing the order, in that the claimant had in 1913 filed an action in the district court of Pittsburg county against the McAlester-Edwards Coal Company, alleging that this claimant had received an injury while employed by that company whereby the muscles and ligaments of his back were torn and wrenched, and ligaments in the lower portions of his abdomen were bruised, lacerated, and injured, thereby causing a permanent total disability; that this action was settled by the McAlester-Edwards Company, and that this fact was not known to the company until after the order of June 17, 1927, above referred to.

The application to reopen further states that if claimant received an injury on October 4, 1923, he has entirely recovered therefrom, and that there has been a change in his condition since the award on June 17, 1927, in that the claimant has fully recovered from the effects of any such injury, if any he had.

Upon this application, the cause was reopened and testimony was taken at several hearings and certain depositions were also introduced, and thereafter, and on July 28, 1928, the Commission made an order in which it held that, although the testimony on the application to reopen is conflicting, there is sufficient competent testimony to warrant the reinstatement of the order of the Commission made and entered into on June 17, 1927, and thereupon ordered the petitioner herein to resume payment of the compensation as provided in the order of June 17, 1927, until otherwise ordered by the Commission.

The action is brought to review the order of July 28, 1928.

The evidence in this case is, in substance, as follows: John Lambert, the claimant, while employed by the petitioner, was injured on October 4, 1923, while working as a coal miner near McAlester. The injury was a result of a rock weighing about 100 pounds falling from the top of the mine about three to five feet, striking him on the back or shoulders, and knocking him against a post.

Prior to the rendition of the original order made on the 17th of June, 1927, considerable testimony was taken, and in that order John Lambert was declared permanently totally disabled. The evidence of several witnesses, including physicians, taken prior to the award of June 17, 1927, appears in the record. One Dr. Kilpatrick testified that the claimant was permanently totally disabled.

The evidence on the application to reopen the order of June 17, 1927, was had at several hearings. At McAlester, on January 12th, several lay witnesses testified that the claimant appeared as active as before the injury; that he was often seen driving a Ford car, and apparently had no difficulty in getting about. He applied to the petitioner on one occasion for a job at the mine, but was not employed because he wanted what was called a surface job, while the company wanted him to work underground.

Several doctors were introduced at other hearings before the final award was made, from which this appeal is prosecuted. Dr. Riley of Oklahoma City, who was appointed by the Industrial Commission to examine Lambert, testified that the twelfth dorsal vertebra was fractured, and that this caused Lambert to be totally disabled for sometime, but in his opinion Lambert had entirely recovered from this injury two or three years after the same occurred. This testimony was based on an examination of Lambert in February, 1928, and also upon examination of several x-rays, one of which was taken in the year 1926. Dr. Riley's conclusion was that any disability, from which the claimant was now suffering, could not possibly be a result of the injury of October 4, 1923. The testimony of several other doctors was to the same effect.

However, the claimant introduced a Dr. Smith and a Dr. Rose from Fort Smith, Ark., who testified that there was also an injury to the fifth vertebra. These doctors, however, did not examine Lambert until in the Spring of 1928, and are the only doctors who testified as to an injury other than the twelfth vertebra. The testimony of Dr. Smith and Dr. Rose is to the effect that the injury of October 4th could have caused the claimant's present disability; that Lambert was permanently totally disabled so far as digging coal was concerned, but that he was perhaps able to do some useful manual labor. Lambert, himself, testified that he was unable to perform any kind of labor since the injury except some light work in the garden, and then it was necessary to get upon his knees.

The only two propositions contended for in the application to reopen are: First, that the original award made by the Commission on June 17, 1927, was obtained by fraud; and second, that there has been a change in the condition of the claimant since the making of said award.

While several assignments are argued in the brief of the petitioner, we believe the

above propositions are the only ones presented in this cause. So far as the allegations of fraud are concerned, we find no substantial evidence that any fraud was practiced by the petitioner, at least, there is sufficient evidence to support the conclusion of the Industrial Commission that no fraud was practiced. The petitioner contends that certain evidence was refused, tending to support his allegation of fraud, but from an examination of the entire record we cannot find where any testimony was excluded.

There was introduced in the record a petition filed by this claimant in 1913, alleging an injury, but the evidence does not connect the injuries received in 1913, as alleged in the petition, with the injuries received in the accident of October 4, 1923.

Assuming, without deciding, that the Industrial Commission had power to set aside this order of June 17, 1927, upon the grounds of fraud, under the record here presented, we think there is ample evidence to support the conclusion of the Industrial Commission that no fraud was practiced.

The only other proposition presented by this appeal is whether or not there has been a change in the condition of the claimant since the making of the award of June 17, 1927. We have held in numerous cases that where an award of compensation for accidental injury is not questioned by application for rehearing filed within ten days, as provided by the rules of the Industrial Commission, nor by an action in the Supreme Court within 30 days, such an award is final and conclusive upon all questions within the Industrial Commission's jurisdiction; and the Commission is without power or jurisdiction to thereafter vacate, modify, or change the award except upon the ground of a change in condition. Bedford-Carthage Stone Co. v. State Industrial Commission, 119 Okla. 231, 249 Pac. 706; Liddell v. State Industrial Commission, 126 Okla. 235, 259 Pac. 265; Graver Corp. v. Cullum, 136 Okla. 209, 277 Pac. 265; and Willett v. State Industrial Commission, 129 Okla. 101, 263 Pac. 664.

From an examination of all the testimony in this case, we think the evidence supports the conclusion of the Commisison that there has been no change in the condition of claimant sufficient to cause a change in the award. Even the testimony of Dr. Riley, who testifies in his opinion that the disability from which the claimant is suffering could not possibly be a result of the injury received in October, 1923, shows that the claimant's condition has not changed; or, if it has, the

change has been very slight since the year 1926. The argument of the petitioner in his brief in this case seems to be based upon the theory that there has been a change in claimant's condition since the injury, but this, as we understand it, is not the true test. However, even accepting the petitioner's theory of this case, we believe there is sufficient competent evidence reasonably tending to support the judgment and finding of the Industrial Commission that there was no change of condition sufficient to set aside the original award as provided in section 7296, C. O. S. 1921.

Petitioner argues in his brief that one of the members of the Industrial Commission, at a hearing in McAlester, stated that the question to be determined upon this application for rehearing was a matter of expert proof, to be shown only by the testimony of physicians, and that the Commissioner refused to admit testimony of lay witnesses. We have carefully examined the record, and find no such ruling made by the Industrial Commission or any member thereof. The record does disclose, at the hearing in McAlester, that the attorney for petitioner requested the right to introduce several lay witnesses (naming them), and so far as we are able to find, these witnesses were never introduced, but the record discloses no ruling of the Commission thereon, nor does it show where any witness was offered and his testimony excluded by the Industrial Commission. But, on the contrary, the record affirmatively shows that at the end of the hearing at McAlester, the attorney for the petitioner announced that that was all of his lay testimony, and asked that the cause be continued for medical examination of the claimant, which was granted.

It is also argued in the brief that there is no testimony supporting a finding that the claimant was permanently totally disabled. Here, again, the same question above discussed presents itself. If the claimant were totally disabled on June 17, 1926, we can find no testimony to justify the finding that his condition has changed. On the contrary, if, from all the testimony presented by the record, it is the contention of the petitioner that there is no evidence supporting the finding that the claimant is permanently totally disabled, with such a contention we do not agree. The testimony of Dr. Kilpatrick, Dr. Rose, and Dr. Smith, of Fort Smith, Ark., together with the testimony of claimant himself, we think, supports the general finding that the claimant was permanently totally disabled.

It is next contended that the judgment of

the Commission is not based upon sufficient conclusions of fact as provided by section 7296, C. O. S. 1921. That section provides that the Commission "shall state its conclusions of fact and rulings of law." The substance of the order of June 17, 1927, is set out above, and the order of July 28, 1928, from which this appeal is taken, provided that there was sufficient competent testimony to reinstate the order of June 17th. Taking these two together, we think there is sufficient conclusion of fact to meet the requirements of section 7296, supra.

From an examination of the entire record, we are convinced that there is sufficient evidence to support the order of the Industrial Commission, and its refusal to set aside the order of June 17, 1927, is sustained by the record.

The application of the petitioner is therefore denied.

BENNETT, TEEHEE, LEACH, and REID, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) anno. L. R. A. 1916A, 266; 30 A. L. R. 1277; 28 R. C. L. p. 829; 4 R. C. L. Supp. p. 1872; 5 R. C. L. Supp. p 1581.