## HOLLAND SAND & GRAVEL CO. v. MILLER et al.

No. 20788. Opinion Filed May 20, 1930.

Twyford & Smith and G. Lee Gibbs, for petitioner.

J. Berry King, Atty. Gen., Robt. D. Crowe, Asst. Atty. Gen., for respondents.

HEFNER, J. This is an original proceeding to review an award made by the State Industrial Commission in favor of the respondent, Ralph D. Miller, on the 9th day of September, 1929. After issues were joined the cause came on for hearing on the 14th day of June, 1929, before the Commission, at which time a full hearing was had and a judgment rendered against respondent, denying an award and dismissing his case. No appeal was taken from this order, but thereafter, on the 24th day of June, 1929, respondent filed his motion for a new trial and affidavit of newly discovered evidence, pursuant to which the Commission, on the 26th day of June, 1929, entered an order granting a new trial. Thereafter, on the 9th day of September, 1929, the cause came on for trial over the objection of petitioner as to the jurisdiction of the Commission to hear and make an award. The Commission overruled the objection, and after a hearing entered an order making an award in favor of the respondent.

It is urged that the award of the Commission made on the 9th day of September is void for want of jurisdiction, and that the order denying an award, made on the 14th day of June, was a final order of the Commission on and after 30 days from the rendition thereof. That is true unless the Commission had jurisdiction to grant a new trial.

It is contended that the motion for a new trial and affidavit of newly discovered evidence fails to comply with Rule 30 of the Commission. Rule 30, in part, is as follows:

"Any party, or parties, aggrieved or dissatisfied with an award, order, or decision of the Commission may, at any time within ten days from the date of said award, order, or decision, apply for a rehearing on the grounds that the Commission acted without or in excess of its power; that the order, decision, or award was procured by fraud; that the evidence does not justify the findings; that the applicant has discovered new evidence; that the findings do not support the order, decision or award.

"No motion or application for rehearing will be considered unless such motion or application sets out specifically and in detail the statute or decision upon which the party or parties rely to establish that the Commission acted without or in excess of its power; or unless the acts or omissions alleged to constitute fraud in the procuring of an award are fully set out.

"If the grounds upon which a rehearing is requested are that the evidence does not justify the findings or that the findings do not support the decision or award, the application or motion shall state specifically wherein the findings are not supported by evidence or wherein the decision or award is not justified by the findings. If the ground assigned be newly discovered evidence, such application or motion must disclose what fact material to the issues joined at the hearing is sought to be proved, and that such evidence could not have been discovered and produced at the hearing by the exercise of due diligence; such application or motion shall also set out what effort was made to discover and produce such evidence at the time of the hearing."

The motion for a rehearing was filed within the time provided by the rule.

It is contended, however, that the motion does not meet the requirements contained in Rule 30. We think, after an examination of the motion, that it was sufficient to confer jurisdiction on the Commission to grant a new trial. The prayer of the petitioner to review the award of the Commission is denied.

MASON, C. J., and CLARK, CULLISON, SWINDALL, and ANDREWS, JJ., concur. LESTER, V. C. J., and HUNT and RILEY, JJ., absent.