## OKLAHOMA PIPE LINE CO. v. STATE INDUSTRIAL COM. et al.

No. 21533.    Opinion Filed May 5, 1931.

Motion to Recall Mandate Denied June 16, 1931.

West, Gibson, Sherman, Davidson & Hull, for petitioner.

John T. Cooper, for respondents.

ANDREWS, J. This is an original proceeding to review an award of the State Industrial Commission in favor of the claimant therein, respondent herein.

The respondent filed a claim with the State Industrial Commission on July 6, 1929, claiming compensation on account of a disability resulting from a hernia claimed by him to have been caused by an injury claimed to have been received by him on the 18th day of June, 1929, while engaged in hazardous employment for the petitioner and arising out of and in the course of that employment. The petitioner appeared before the State Industrial Commission and, **denied liability** to the respondent. A full hearing was had at which both the petitioner and respondent were present, proofs were submitted by both the petitioner and respondent, and upon consideration thereof the Commission, on the 16th day of September, 1929, made and entered an award which, with formal parts omitted, was as follows:

"(1) That claimant failed to establish that he sustained an accidental personal injury arising out of and in the course of his employment on the 18th day of June, 1929, and (2) failed to establish that the hernia complained of is the result of an accidental injury arising out of and in the course of his employment with respondent herein on the 18th day of June, 1929.

"It is therefore ordered: That claimant's claim for compensation be and the same is hereby denied."

No petition was filed in this court for review thereof and no petition for rehearing was filed within ten days, as required by rule 30 of the State Industrial Commission. On October 10, 1929, without notice to the petitioner and without its knowledge, the respondent filed with the State Industrial Commission an instrument designated "Petition for Rehearing," which petition, with caption omitted, was as follows:

"Petition for Rehearing.

"Comes now the plaintiff, George W. Myers, and respectfully represents to the court that on the 16th day of September, 1929, a decree or judgment was rendered by this court in the above-styled and numbered cause adjudging that this plaintiff was not entitled to recover from the defendant for certain specific injuries, finding that said plaintiff was not injured in line of duty and that said defendant was in no way liable to the plaintiff.

"Plaintiff shows to the court as follows:

"1st. That said judgment of the Commission so rendered was and is wholly without any basis in facts or in law.

"2nd. That said decision and judgment of the Commission is in conflict with the facts as shown in said record and with the law.

"3rd. That the undisputed facts in said record shows as follows:

"A. That plaintiff began work for the defendant at a time when he was in perfect physical condition and was shortly thereafter examined by the company's own physician and found to be in perfect physical condition.

"B. That after working for a period of about two years he strained himself bending a pipe and was knocked out and sick for 30 minutes or an hour.

"C. That shortly thereafter he was examined by the company's physician the second time and found to be ruptured and was immediately discharged by the company.

"Plaintiff shows to the court that there is no evidence in this record in any way conflicting with these facts and that the judgment of the court heretofore rendered is unsupported by the record and there is no evidence in the record whatever upon which such judgment could be based.

"Wherefore, plaintiff prays the court that a rehearing in this cause be granted.

"John T. Cooper,
"Attorney for Plaintiff."

No notice of the filing thereof was given to the petitioner. On the 15th day of October, 1929, without notice to the petitioner and without the petitioner being present or having knowledge of the filing of the petition for rehearing, the State Industrial Commission entered its order setting aside its award of September 16, 1929, and granting a rehearing upon the claim of the respondent. Thereafter the petitioner appeared and objected to the jurisdiction of the State Industrial Commission to make its order of October 15, 1929, and to proceed further in the cause. That motion was overruled and on July 8, 1930, the State Industrial Commission proceeded to make an award in favor of the respondent allowing him compensation at the rate of $15.39 per week for a period of 8 weeks and the costs of necessary operation for the correction of a hernia. This proceeding was brought to review that award and was filed herein on July 17, 1930. On August 18, 1930, the respondent filed a cross-petition herein, seeking a review of the award made in his favor on July 8, 1930.

The cross-petition of the respondent may not be considered by this court for the reason that it was filed more than 30 days after the award sought to be reviewed. This court acquired no jurisdiction to hear the same. Sandoma Petroleum Co. et al. v. Tow et al., 90 Okla. 276, 217 Pac. 412; Ford v Sanders et al., 127 Okla. 233, 260 Pac. 467.

We will not herein determine whether or not a petition to review an award may be filed in the form of a cross-petition, as was done in this case. That is not necessary for the determination of the issue here.

The petitioner contends that the State Industrial Commission was without jurisdiction to make the order of October 15, 1929, or the award of July 8, 1930, for the reason that rule 30 adopted by the State Industrial Commission pursuant to the authority contained in section 7318, C. O. S. 1921, limits the time for the filing of a petition for rehearing to ten days from the date of the award or the decision sought to be reheard. The respondent contends that rule 30 does not deprive the State Industrial Commission of the power and jurisdiction to set aside an award made, but that the jurisdiction of the State Industrial Commission continues for a period of 30 days after a copy of such order is sent by the Commission to the parties affected.

In Bedford-Carthage Stone Co. et al. v. State Industrial Commission, 119 Okla. 231, 249 Pac. 706, this court held:

"Where an award of compensation for accidental injury is not questioned by application for rehearing filed within ten days, as provided by the rules of the Industrial Commission, nor by an action in the Supreme Court within 30 days, such award is final and conclusive upon all questions within the Industrial Commission's jurisdiction; and the Commission is without power or jurisdiction thereafter to vacate, modify, or change the award except upon the ground of a change in conditions."

In the body of that opinion this court said:

"It is apparent that the Commission did not retain or acquire jurisdiction to make the order of October 31st by virtue of the claimant's motion for rehearing, for the reason that it was not filed until more than 30 days after the award was made, nor within the time prescribed by the rules of the Commission"

—and:

"When sections 7285, 7296, 7297, and 7325 are considered together, it must be held, we think, that it was the legislative intent that the Commission have a continuing power and jurisdiction to review its award on the ground of a change in conditions only, and, except for a change in conditions, the award is final and conclusive upon all questions within its jurisdiction unless suit is commenced in this court within 30 days to review the award or decisions."

In Graver Corporation v. Cullum, 136 Okla. 209, 277 Pac. 265, this court held:

"The State Industrial Commission does not lose jurisdiction to modify, change, or set aside an order made by it until 30 days after a copy of such order shall have been sent to the parties as required by section 7294, C. O. S. 1921, as amended by section 7, chap. 61, Session Laws 1923."

With reference to rule 30 the court said:

"It is contended by claimant that Bedford-Carthage Stone Co. et al. v. Industrial Commission, supra, is in effect that neither the filing of a motion for rehearing within 10 days nor the bringing of the action in the Supreme Court is sufficient to prevent the order of award from becoming final.

"We think it clearly within the power of the Commission to provide by rule for motion for rehearing, but the filing of such motion within the time provided by the rule will not suspend the statute, which provides that the award or decision shall become final and conclusive upon all questions within its jurisdiction, unless within 30 days after a copy of such award or decision has been sent by said Commission to the parties

affected, an action is commenced in the Supreme Court to review such award or decision."

In Holland Sand & Gravel Co. v. Miller, 143 Okla. 173, 288 Pac. 346, this court held:

"Where an award is denied by the State Industrial Commission, a party who is dissatisfied therewith may, within ten days from the date of the order, apply for rehearing on the ground that the Commission acted without or in excess of its power; that the order, decision, or award was procured by fraud; that the evidence does not justify the findings; that the applicant has discovered new evidence; that the findings do not support the order, decision, or award. Upon the filing of said application for a new trial within the time provided, upon any of the foregoing grounds, the Commission has jurisdiction to grant or deny a new trial."

In Southern Fuel Co. v. State Industrial Commission, 141 Okla. 127, 284 Pac. 35, this court held:

"Under the Workmen's Compensation Law of the state, where an application to reopen an award for compensation for an accidental injury is filed after the expiration of 30 days within which an action may be commenced in the Supreme Court, the only question presented is whether or not there has been a change in conditions of the claimant since the making of the original award; and where the Industrial Commission refused to set aside the original award, and there is any competent evidence to support the refusal of the same, it will not be disturbed by this court."

Under those and other decisions of this court to the same effect, the State Industrial Commission has no jurisdiction to vacate, modify, or change an award after the expiration of 30 days from the date of sending a copy of the award to the interested parties by the Commission except upon the ground of change in conditions as provided by section 7296, C. O. S. 1921. The State Industrial Commission has jurisdiction to vacate, modify, or change an award or decision, whether for change in conditions or otherwise, and that jurisdiction continues for a period of 30 days from the date of the sending of a copy of the award to the interested parties by the Commission.

The State Industrial Commission has continuing jurisdiction under section 7296, Id., to review an award and to make an award ending, diminishing, or increasing the compensation previously awarded, subject to the maximum or minimum provided for in the act, on the ground of change in conditions, at any time and is not limited to 30 days. Where there has been no change in conditions, it has the same jurisdiction except that its jurisdiction is limited to 30 days

from the date the copy of the award or decision has been sent by the Commission to the parties affected. Section 7297, C. O. S. 1921.

The petitioner cites 15 Corpus Juris, 909, as follows:

"But where a court is authorized to establish rules, such rules, when not repugnant to or in conflict with the organic laws, have all the force of law, and must be complied with."

6 Stand. Encyc. of Procedure, 63, as follows:

"Rules have the force and effect of law, and are binding upon litigants, and upon counsel, and upon the court and its officers."

And 18 Encyc. Plead. & Prac. 1262, as follows:

"Rules which are enacted by virtue of statutory authority and which are mandatory in their terms, have the force of law, and should be considered in the same manner as statutes."

The respondent contends that the State Industrial Commission is authorized to disregard rule 30, or any other rule made by it, to effect justice and equity, and cites authority in support thereof.

This court is of the opinion that rule 30 adopted by the State Industrial Commission under the authority granted by the provisions of section 7318, C. O. S. 1921, for the purpose of carrying into effect the provisions of the act, is inconsistent with the terms of the act and ineffective and void in so far as it deprives the State Industrial Commission of jurisdiction granted to it by the statutes. While it may make rules, those rules may not be such as to deprive itself of the jurisdiction lawfully conferred upon it.

There is another reason why the petitioner cannot prevail, and that is, that the decision of October 15, 1929, granting a rehearing and vacating the award of September 16, 1929, became final at the expiration of 30 days after a copy of the decision had been sent by the Commission to the parties affected, for the reason that the petitioner did not commence an action in this court to review that decision within 30 days as required by section 7297, supra.

It is contended that no notice was given the petitioner of the filing of the petition for rehearing and that the order of October 15, 1929, was made in the absence of and without notice to the petitioner. We must presume, in the absence of a showing to the contrary, that notice of the making of the order was regularly given. Section 7295, C.

O. S. 1921. We do not think that any notice of the filing of the petition for rehearing was required to be given in order to give the State Industrial Commission jurisdiction. It acquired jurisdiction by virtue of the filing of the claim for compensation. That jurisdiction continued and at the time of the making of the order of October 15, 1929, it had jurisdiction to make the order made on that date. Since there was jurisdiction to make the order and since the order was made, it became final in the absence of a petition to review the decision filed herein within thirty days.

It is contended by the petitioner that to affirm the award of July 8, 1930, would be to deprive it of its property without due process of law. We think there is no merit in that contention.

The award of the State Industrial Commission of July 8, 1930, appearing to be in all things in conformity with the statute, is affirmed.

RILEY, HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., and CLARK, V. C. J., absent.