**TRANSCONTINENTAL OIL CO. v. EOFF et al.**

No. 18296.    Opinion Filed July 26, 1927.

(Syllabus.)

1. **Master and Servant—Workmen's Compensation Law—Review of Awards—Motion for New Trial or for Rehearing Unnecessary.**

Section 7297, C. O. S. 1921, provides the method for review of an award of the Industrial Commission by the Supreme Court, and under this provision no motion for a new trial or petition for rehearing before the Commission is necessary or authorized.

2. **Same—Finality of Decision on Facts by Industrial Commission.**

Section 7294, C. O. S. 1921, provides that the decision of the Industrial Commission shall be final as to all questions of fact. The findings of fact of the Industrial Commission are conclusive upon this court, and will not be reviewed by this court where there is any competent evidence in support of same.

Action by the Transcontinental Oil Company to review award of Workmen's Compensation to Guy Eoff by the State Industrial Commission.    Affirmed.

A. G. Cochran, for petitioner.

Grindstaff, Zellers & Hutcheson, for respondent.

CLARK, J.    This is an original action brought in this court to review an award of the Industrial Commission made and entered on the 30th day of March, 1927, wherein the State Industrial Commission made the following findings of fact:

"1    That on and prior to the 17th day of November, 1924, claimant herein, Guy Eoff, was employed by the Transcontinental Oil Company, and engaged in hazardous occupation, subject to and covered by the Workmen's Compensation Law.

"2.    That while engaged in said occupation in the course of and arising out of same, claimant sustained an accidental injury on the 17th day of November, 1924, which resulted in claimant being temporarily totally disabled.

"3.    That claimant was employed by respondent, Transcontinental Oil Company in March, 1925, until April, 1926, at which time because of changed conditions, and acting upon the advice of his physician, claimant was forced to cease work, and had since said time been totally disabled; that said disability is a permanent total disability.

"4.    That claimant's average daily earning capacity at the time of the injury was $4.50 per day."

The State Industrial Commission further found that claimant was entitled to $17.31 per week, during a period of 500 weeks, computed from April 16, 1926, for permanent total disability.

The Commission made an award that respondent pay the claimant the sum of $865.-50, the sum being 50 weeks' compensation at the rate of $17.31 per week, computed from April 16, 1926, to April 1, 1927, and continued for and during a period of 500 weeks, less any sums heretofore paid by reason of claimant's total disability, and also pay all medical expenses of claimant as a result of said injury.

Petitioner brought this cause here for review, setting forth two specifications of error:

"1.    That the State Industrial Commission committed an error of law in overruling petitioner's motion for a rehearing filed before said Commission on April 9, 1927.

"2.    That said State Industrial Commission committed an error of law in making said award for the reason there was no competent testimony in the record in said cause pending before it to support the findings of fact and result in the award based thereon, and therefore the award was erroneous and illegal."

Petitioner's specification of error No. 1 is not well taken, for the reason section 7297, C. O. S. 1921, provides a method for review of an award of the State Industrial Commission by the Supreme Court, and under this proceeding no motion for a new trial or rehearing is necessary or authorized. Sandoma Petroleum Co. et al. v. Tow et al., 90 Okla. 276, 217 Pac. 412.

Section 7294, C. O. S. 1921, provides:

"* * * Upon a hearing pursuant to this section either party may present evidence and be represented by counsel. The decision of the Commission shall be final as to all questions of fact, and except as provided in section 13 (7297) of this article as to all questions of law."

Petitioner in its brief admits that this is the law, but contends that there was no competent evidence to support the finding of the Industrial Commission that as a result of the injury respondent had been totally and permanently disabled.

Petitioner, in its brief, quotes from the testimony of Dr. Earl D. McBride and Dr. Fred A. Glass.    Dr. Earl McBride testified that he believed and it was his opinion that respondent's earning capacity had been cut down to the present about 30 per cent. Dr. Fred A. Glass testified that respondent

had about 30 to 40 per cent. permanent disability.

The evidence in the case discloses that respondent, Guy Eoff, was injured on or about the 17th day of November, 1924; that he returned to work for petitioner on or about March, 1925, and worked until April 16, 1926; that respondent was able to drive his own car.

Evidence further disclosed that respondent had been fitted with a body brace, which he was wearing during the time he was at work for petitioner.

Dr. LeRoy Long was appointed by the Commission to make an impartial examination of the said respondent, Guy Eoff, and report his findings to the Commission, which he did. He was also called as a witness by said respondent. The respondent also called as expert witnesses Dr. Ross D. Long and Dr. Ernest Sullivan. Dr. LeRoy Long testified at length in regard to the condition of respondent, Guy Eoff; that respondent was not physically able to do any kind of work: that he was not able to distinguish cold from heat in certain areas; that his disability was permanent; that he thought he sustained a brain injury at the time of the accident. He examined him about two years after the injury and did not believe there would be any improvement—

"Q. Well, is he incapacitated to work? Is he permanently and totally disabled from any kind of manual labor?

"A. Yes, sir. My opinion is based on my examination of him last October.

"Q. Is there any treatment you have in mind which would help this man?

"A. As I see it, I think the best treatment for him is to put him in a condition where he will not have to worry about anything. If an individual who has trouble of this character has all the good food, a comfortable place to live and not forced to exert himself, physically or mentally, it is the best thing that can be done."

Dr. Ross D. Long testified that he did not believe the respondent would get any better, and that he thought the injury was permanent.

Dr. Ernest Sullivan testified that he did not think the respondent. Eoff. was able to do any work, and that he did not expect any improvement in his condition; that it was his opinion that respondent had brain and spinal injury.

On cross examination Dr. Fred A. Glass,

who stated in his opinion respondent has only 30 to 40 per cent. permanent disability, testified as follows:

"Q. Do you think his subjective condition is permanent?

"A. That is beyond me to answer. The best treatment is to take him out of himself and get him occupied. At least, that is my opinion.

"Q. If it had a good effect, would it not be permanent?

"A. I would hesitate to say that this man's mental condition would ever be entirely right.

"Q. Is this man in a mental state such as you describe able to work?

"A. No, he is not. Unless you can get him started at some work and try to get him back to normal."

This is a brief statement of the testimony before the Commission on which the award was made. The question for this court is, Was there any competent evidence reasonably tending to support the judgment and findings of the Industrial Commission?

As was held by this court in the case of Grace v. Vaught, 108 Okla. 187, 235 Pac. 590:

"In a proceeding in this court to review an award of the State Industrial Commission, such proceeding is to review errors of law and not of fact. The findings of facts by the Industrial Commission are conclusive upon this court, and will not be reviewed by this court where there is any competent evidence in support of same. In the absence of any evidence, the question of liability then becomes a pure question of law for determination by this court."

A careful examination of the record of this case discloses that the award of the Industrial Commission is supported by competent evidence. It appears to support the award by a clear preponderance of the evidence. The contention of the petitioner that there is no evidence to support the award is without merit.

The award of the Commission is affirmed.

BRANSON, C. J., and PHELPS, LESTER, HUNT, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) C. J. Workmen's Compensation Acts, p. 117, §115 (Anno). (2) C. J. Workmen's Compensation Acts, p. 117. §115 (Anno); p. 122, §127; anno. L. R. A. 1916A, 178, 266; L. R. A. 1917D, 186; 28 R. C. L. p. 828; 3 R. C. L. Supp. p. 1600; 4 R. C. L. Supp. p. 1872; 5 R. C. L. Supp. p. 1581; 6 R. C. L. Supp. p. 1766.