## MAGNOLIA PETROLEUM CO. v. MITCHELL et al.

No. 27431.   Oct. 12, 1937.

W. H. Francis and Blakeney, Wallace, Brown & Blakeney, for petitioner.

Rinehart & Weldon and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by Magnolia Petroleum Company, as petitioner, to obtain a review of an award made by the State Industrial Commission in favor of the respondent Frank F. Mitchell. We will hereafter refer to the parties as petitioner and respondent. The petitioner contends, first, that the commission's findings with reference to the injury and resulting disability of the respondent are without the reasonable support of any competent evidence; and second, that the commission erred when it refused to pass upon its application and amended application to vacate the award and to permit it to introduce further evidence. The salient features of the record will be briefly stated. On January 15, 1936, the respondent was in the employ of the petitioner and engaged in a hazardous employment as defined by the Workmen's Compensation Law of this state, at which time he was blown a distance of approximately 60 feet as the result of an explosion of a boiler. Immediately thereafter respondent drove an automobile some 15 miles to a hospital, where he received treatment and remained for a few hours and then went home. The following day respondent left his house and became intoxicated and was involved in an automobile wreck. The petitioner filed with the Industrial Commission employer's first notice of injury wherein the nature and extent of respondent's injuries, as a result of the boiler explosion, were described as first and second degree burns on right side of face and right ear and contusion and laceration of both cheeks, chin, and forehead. The report of attending physicians which were subsequently filed described substantially the same injuries. On February 4, 1936, the respondent filed employee's first notice of injury and claim for compensation with the commission, wherein he claimed that he had sustained permanent damage to his hearing, sight, nervous system, and mentality. The petitioner thereupon filed an answer wherein, after general denial, it categorically and specifically denied that the respondent had sustained an accidental injury while in its employ and arising out of and in the course of his employment. The commission proceeded to conduct hearings at Ada and Oklahoma City, and at these hearings all of the parties were present and represented, and at said hearings the testimony of the respondent and that of a fellow workman and of a medical expert was introduced and heard. The petitioner offered no evidence and made no request for an opportunity to introduce any evidence. At the conclusion of the hearing at Oklahoma City, the cause was continued to an indefinite date. Thereafter notice of further hearing to be had at Ada on July 20, 1936, was given to the parties by the commission. At this hearing the petitioner was not present nor represented, and the case was submitted to the commission on the part of the respondent, and thereafter on August 4, 1936, the award which we are now called upon to review was made and entered. Therein the commission found that the respondent while in the employ of the petitioner and engaged in a hazardous occupation had sustained an accidental personal injury arising out of and in the course of his employment, by reason of which he had been temporarily totally disabled for a period of six weeks beyond the five-day waiting period, and awarded compensation for such disability. The petitioner thereupon, on August 8, 1936, filed an application with the commission requesting it to vacate the award, stating that its counsel had been unable to attend the hearing held on July 20, 1936, and had been unsuccessful in efforts to get the at-

torney for the respondent 'and some member of the commission to agree to a continuance, and stating further that if permitted to do so, it would offer competent evidence which in its estimation would change the opinion of the commission. The commission set this application down for hearing on August 26, 1936, but the record does not show what transpired at that time. However, on September 1, 1936, petitioner filed an amended application to vacate the award wherein it stated that if permitted to do so, it would produce the attending physicians who had waited upon the respondent and that they would testify that the respondent had sustained no injury of any consequence, and that they would also introduce certain other witnesses who would testify that the respondent was in the habit of becoming intoxicated 'and that such condition was not an abnormal one as testified to by the physician appearing for the respondent at the previous hearings. As far as the record discloses, no action was taken by the commission upon this application.

The argument adduced by the petitioner in support of its first contention is that the evidence of the respondent is so inherently improbable and inconsistent that it destroys its credibility and weight. As said in the case of William A. Smith Const. Co. v. Price, 178 Okla. 423, 63 P. (2d) 108:

"The State Industrial Commission is the judge of the credibility of the witnesses appearing before it and of the weight to be given to the testimony of such witnesses."

The evidence offered by the respondent and received by the commission was competent, and if believed by the commission, was sufficient to sustain the finding made. Therefore all discussion as to the credibility of the witnesses and the weight that should be accorded their testimony is beside the point. The contention of the petitioner to the contrary cannot be sustained.

The next contention of the petitioner presents a novel situation. It will be noted that it is an attempt to have this court pass upon a collateral matter rather than to review the award which was made. The State Industrial Commission has jurisdiction over its orders and awards for a period of 30 days after.a copy of the order has been sent to the parties interested, and during said period may vacate any order or award in the exercise of its sound discretion (Graver Corp. v. Cullum, 136 Okla.

209, 277 P. 265); but this court reviews only final awards and orders of the commission. Marland Refining Co. v. Bivins, 135 Okla. 14, 273 P. 212. No motion for new trial or a rehearing before the commission is necessary to secure a review by this court of an award or order of such commission (Transcontinental Oil Co. v. Eoff, 126 Okla. 91, 258 P. 743); and the time in which a proceeding must be instituted in this court to obtain a review is not extended thereby (Ford v. Sanders, 127 Okla. 233, 260 P. 467); and while it is essential that the parties be given every reasonable opportunity to present their evidence, both in support of 'and in opposition to a claim for compensation, before an award is made by the Industrial Commission (Forrester v. Marland, 142 Okla. 193, 286 P. 302); and while, where time has been granted to present evidence, it is a breach of discretion for the commission to make an award before the time granted in which to present such evidence has expired (Stanolind Pipe Line Co. v. Geurin, 162 Okla. 71, 19 P. (2d) 139); yet, after the case has been closed and an award has been made, the granting or denying of 'a petition for rehearing is a matter which rests within the sound discretion of the commission. Berger v. Reynolds, 139 Okla. 163, 282 P. 143; Thrash v. Graver Corp., 131 Okla. 260, 268 P. 718. Since it appears that the petitioner did not offer any evidence at any of the hearings conducted by the commission and did not apprise the commission of its intention or desire to offer or introduce 'any evidence prior to the time the award was made by the commission, but on the contrary appears to have sat idly by after the hearing had on July 20, 1936, and to have speculated upon the outcome of that proceeding, it thereby bound itself by the record made. There is no clear abuse of discretion shown in the failure of the commission to pass upon the application and amended application to vacate the award, and if the contention advanced by the petitioner in this connection could be properly entertained in a proceeding of this nature and in the manner in which it is here sought to be presented, concerning which we express no opinion, under the circumstances presented by the record before us, the action of the commission discloses no abuse of discretion.

The award is sustained.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, CORN, GIBSON, HURST, and DAVISON, JJ., concur. WELCH and PHELPS, JJ., absent.