OWENS v. McCALLUM & FORBER et al.

97 P. 2d 754.

No. 29377.   Dec. 12, 1939.

Rehearing Denied Jan. 9, 1940.

Wimbish & Wimbish, of Ada, for petitioner.

Don Anderson, of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding brought in this court by G. B. Owens, hereafter referred to as petitioner, to obtain a review of an order made by the State Industrial Commission on July 10, 1939, which denied his

claim to compensation against McCallum & Forber, hereafter referred to as respondent, and its insurance carrier.

The record shows that on April 19, 1938, the petitioner filed with the State Industrial Commission a claim for compensation; that the respondent denied liability and moved to dismiss the claim for the reason that the injury for which petitioner was seeking compensation had not been received in the course of and did not arise out of his employment. Demurrer of respondent to the evidence of the petitioner was overruled and an action was brought in this court to obtain a review of such order. This proceeding was dismissed for the reason that the order sought to be reviewed was interlocutory. See McCallum & Forber v. Owens, 184 Okla. 66, 85 P. 2d 411. Upon receipt of mandate the State Industrial Commission proceeded to conduct further hearings, and again overruled a demurrer which the respondent interposed to the evidence of the petitioner. Thereafter the commission entered its order denying the claim of petitioner to compensation, and it is this order which we are called upon to review.

Petitioner contends, in substance, that since the Industrial Commission had overruled the demurrer of the respondent to his evidence, it could not thereafter find that his evidence was insufficient to show that his injury did not arise out of and had not been received in the course of his employment. The contention so made cannot be sustained. It is well settled that the State Industrial Commission has exclusive jurisdiction over its orders and awards during the period limited for the commencement of a proceeding to obtain a review thereof by this court. See section 13363, O. S. 1931, 85 Okla. St. Ann. § 29, as amended by section 3, chap. 72, S. L. 1939; Magnolia Pet. Co. v. Mitchell, 181 Okla. 48, 72 P. 2d 502; Conrad v. State Industrial Commission, 181 Okla. 324, 73 P. 2d 858; Graver Corp. v. Cullum, 136 Okla. 209, 277 P. 265; Wm. A. Smith Const. Co. v. Price, 178 Okla. 423, 63 P. 2d 108; Gypsy Oil Co. v. Roop, 148 Okla. 104, 299 P. 444.

Claim of petitioner to compensation was predicated upon substantially the following state of facts: The petitioner was employed to operate a lease and used his own car when necessary in the performance of his duties on said lease. In addition to his salary he received the sum of $10 per month for the use of his car. While repairing a headlight on the car he sustained an accidental injury. Nowhere was it shown that his duties required him to make any repairs on the car in question nor does it appear that the same were in any wise connected with or incident to his employment. As said in the case of Indian Territory Illuminating Oil Co. v. Lewis, 165 Okla. 26, 24 P. 2d 647:

"Before a claimant is entitled to an award of compensation under the Workmen's Compensation Law of this state, he must sustain, by competent evidence, the burden of proving that the injury complained of was accidental, and that it arose out of and in the course of his employment. An injury does not arise out of the employment within the meaning of the Workmen's Compensation Law of this state, unless it results from a risk reasonably incident to the employment, and unless there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury."

Measured by the rule announced in the foregoing case, the evidence of the petitioner was such as would justify the finding made by the State Industrial Commission and the order denying him his claim to compensation. This being the situation, this court will not disturb the action of the commission.

Order sustained.

BAYLESS, C. J., and OSBORN, CORN, HURST, and DANNER, JJ., concur.