ADAMS v. CITY OF ANADARKO et al.

No. 33510. March 22, 1949.

Rehearing Denied Oct. 4, 1949.

*210 P. 2d 151.*

Claud Briggs, of Oklahoma City, for petitioner.

H. R. Palmer and Fenton & Fenton, all of Oklahoma City, and Mac Q. Williamson, Atty. Gen., and Richard M. Huff, Asst. Atty. Gen., for respondents.

LUTTRELL, J. This is an original proceeding brought by petitioner, Claude A. Adams, to review an order of the State Industrial Commission denying him compensation on a claim filed by him against his employer, city of Anadarko.

Petitioner first contends that the order appealed from is void on its face and should therefore be vacated.

This is the second appeal. On the former hearing the trial commission-

er found the issues generally in favor of claimant, petitioner. herein, and awarded compensation. The award was vacated on appeal to the commission en banc and an order was entered by it denying compensation. That order was vacated by this court on appeal because of the indefiniteness of the findings. We held that the findings were too indefinite and uncertain for judicial interpretation and remanded the cause for further hearings in accordance with the views expressed in the opinion. Adams v. City of Anadarko, 198 Okla. 484, 180 P. 2d 159. After receipt of mandate of this court the commission set the case for hearing anew before a trial commissioner. Thereafter, and on the 9th day of July, 1947, the trial commissioner proceeded to hear the case, at which hearing under agreement of the parties all the evidence offered at the former hearing and all the records, orders, and proceedings therein were offered and received in evidence in the instant trial and are made a part of the record herein. Some new and additional evidence was also offered. The trial commissioner at the conclusion of the hearing made certain specific findings and made an order thereon denying compensation, which order was affirmed on appeal to the commission en banc. This order petitioner contends is void on its face.

It is argued that the order of this court on appeal vacating the prior order of the commission operated to reinstate the order of the trial commissioner made at the first hearing and the commission was without power or jurisdiction to re-try the case without first again reviewing that order and vacating and setting the same aside. That since no such steps have been taken the order entered herein is void on its face and should therefore be vacated. This is a rather novel contention, and we think without substantial merit. When an appeal was taken from the prior order of the trial commissioner to the entire commission, the order of the trial commissioner was thereafter without further force and effect. The

award made by the commission on the hearing upon appeal became the final order and award of the commission. Therefore when this court vacated that order and remanded the cause for further proceeding, the case stood as though no order or award had ever been made in the case. The commission then had authority upon receipt of the mandate to proceed to try the case anew.

The trial commissioner at the conclusion of the hearing in the instant case, in substance, made the following findings:

(1) Petitioner failed to give 30 days' statutory written notice of his injury to respondent and respondent's rights were prejudiced thereby.

(2) Petitioner failed to file his claim within one year after his alleged injury and the claim is therefore barred by limitations.

(3) The employment in which petitioner was engaged at the time he sustained his alleged injury was not one of the employments defined as hazardous by the Workmen's Compensation Act.

(4) Petitioner sustained no accidental injury.

(5) The disability from which petitioner is now suffering was not caused by the alleged accidental injury but is due solely to pre-existing disease.

Upon these findings the trial commissioner entered an order denying compensation. The order was affirmed on appeal by the commission en banc.

It is contended by petitioner that none of these findings are sustained by the evidence and that the order made by the commission denying compensation is contrary to law.

The view we take of the case renders its necessary to consider only the question of limitation. The record shows that petitioner sustained his alleged injury on the 15th day of August, 1943, and that he did not file his claim for

compensation until June 4, 1945. Under the statute, 85 O.S. 1941 §43, claimant has one year after the injury to file his claim for compensation; if not filed in that time the claim is barred unless the statute is tolled for some reason therein provided.

It is the contention of petitioner that subsequent to the time he received his injury respondent paid him wages in lieu of compensation and that the claim was filed within one year after such last payment.

The commission, however, specifically found that no medical treatment was furnished petitioner by respondent and that no wages were paid him by respondent in lieu of compensation. This finding is amply supported by the evidence.

The evidence on behalf of petitioner shows that at the time he sustained his alleged injury, he was employed by respondent as superintendent of its sewer system; that he also worked in other departments of the city and on different occasions performed manual labor in various departments of the city; that on the 15th day of August, 1943, while in the employ of respondent and while engaged in cleaning a grandstand and sprinkling the race track located at the fair grounds in the city of Anadarko he sustained a heat stroke, since which time he has not been able to perform manual labor; that immediately after receiving the heat stroke he became ill and was treated for several days at his home; that he was thereafter taken to a hospital in the city of Anadarko where he was treated for two weeks; that he thereafter returned to work for respondent in his old position as superintendent of the sewer system and remained at work until October, 1944, at which time his employment was discontinued; that after the alleged injury he was no longer able to do manual labor; that the only work he was able to perform was to supervise the work of other employees and direct the manner in which the work should be done; that he was paid his regular salary for such work as superintendent of the sewer system; that the compensation paid him was paid him as salary for his services; that he had at no time requested medical treatment from respondent, nor did he at any time notify respondent that he claimed compensation for the alleged injury. There is nothing in the record to indicate that respondent had any intimation or knowledge that petitioner claimed to be entitled to the benefits of the Workmen's Compensation Act on account of his alleged injury until the claim was filed. The evidence of petitioner clearly shows that the compensation paid him was paid as salary for services performed by him in his position as superintendent of the sewer system rather than remuneration paid him in lieu of compensation. Such payments did not operate to toll the statute.

We have heretofore held that payments made by an employer to an employee do not excuse the delay in filing a claim for compensation with the State Industrial Commission unless such payments were compensation for disability due to accidental personal injury or remuneration in lieu of such compensation. Sinclair Prairie Oil Co. v. Newport, 195 Okla. 521, 159 P. 2d 726; Sinclair Prairie Oil Co. v. Stevens, 194 Okla. 109, 148 P. 2d 176. In the cases of Bryant v. State Industrial Commission, 191 Okla. 14, 126 P. 2d 716, and Greenwood v. State Industrial Commission, 178 Okla. 417, 63 P. 2d 92, where the facts were very similar to the facts in the instant case, we held the claims barred. In each of these cases the evidence showed that subsequent to receiving his injury the employee returned to work, worked for a short time and received full wages for his services, and that the wages paid him were paid for work performed. We held the payments did not operate to toll the statute. In the case of Douthitt v. State Industrial Commission, 161 Okla. 79, 17 P. 2d 434, in sustaining an award of the commission denying compensation on the ground that the

claim was barred by limitations, we said:

"The record shows that claimant was injured on March 26, 1930; his claim was filed before the commission June 2, 1931. The evidence shows that claimant, at the time of his injury, was receiving a salary of $25 per week, and that, after his injury, he continued to receive such salary until sometime in October, 1930, at which time he was discharged by his employer.

". . . In the instant case, claimant filed his claim within one year after he was discharged by his employer, and within one year after the last weekly payment received by him from his employer. It is his contention that the payments made to him after his injury were made as compensation, under the act; while the employer claims that they were made as salary and not as compensation. The commission, in denying compensation, held that the payments were not voluntary payments as compensation, under the act, and therefore not sufficient to toll the statute."

We held that the evidence was sufficient to sustain the finding, and that the payments made did not operate to toll the statute.

Since the evidence in the instant case shows that petitioner failed to file his claim within one year after his alleged injury, and since no facts are shown sufficient to toll the statute, the commission ruled correctly in denying an award.

Order sustained.

DAVISON, C.J., and WELCH, CORN, GIBSON, HALLEY, JOHNSON, and O'NEAL, JJ., concur.

Rehearing Denied Oct. 4, 1949.