Merle E. CARPENTER and Faye Carpenter, his wife, et al., Plaintiffs in Error,

v.

POWEL BRISCOE, INC., a corporation, et al., Defendants in Error.

No. 39847.

Supreme Court of Oklahoma.

Feb. 12, 1963.

Rehearing Denied March 26, 1963.

P. D. Erwin, Chandler, for plaintiffs in error.

Ferrell H. Rogers, Corporation Commission. Barth P. Walker, of Walker & George, Oklahoma City, for defendants in error.

JOHNSON, Justice.

This is an appeal from an order of the Corporation Commission clarifying a previous order of the Commission. In case number 13,968 Powel Briscoe, Inc. applied for a spacing order in the gas field in Lincoln County, Oklahoma. In such case the Commission had established a 160-acre spacing and provided that the well in each area should be in the center thereof. Prior to the entering of this order, a dry hole had been drilled on the NE NE NE of Section 26. This well had been re-worked and was determined the discovery well in this area, and was producing gas at the time of the order in the above cause. However, no mention was made of this well being off pattern and in conflict with the spacing order. Powel Briscoe, Inc. filed cause number 15,203 seeking a clarification of the previous order by allowing the continuation of this well as an "exception." This well was known as the Breeding well and will be so referred to herein. After the filing of application No. 15,203, the plaintiffs in error intervened in said cause. They are the owners of the surface and one-half of the minerals of the S½ of the SE¼ of Section 23 lying directly north and adjoining the NE of the NE of the NE of Section 26 where the Breeding well is located. There is no well located on the SE of Section 23. The intervenors objected to the granting of the relief sought by the applicant alleging that the Breeding well was draining the gas pool underlying intervenors' land, and from which gas they were receiving no royalty. The intervenors asked that the exception for the Breeding well be denied or that the order be entered by making the north 80 of the NE of Section 26 and the south 80 of the SE of Section 26 be designated as the spacing unit.

We are of the opinion that the plaintiffs in error are entitled to some relief, but the question raised by this appeal is whether the right procedure is followed herein to secure the appellants their rights. The applicant holds an oil lease on the property of intervenors, and this opinion in no wise precludes the intervenors taking such steps as may be necessary to secure relief by some other proceeding.

The Corporation Commission denied the plea of the intervenors and entered the following order insofar as same is relevant:

"* * * 4. That Finding No. 3 in the Order before mentioned shows that the applicant in this cause, also the applicant in Cause CD No. 13968, had, at the time of the hearing in Cause CD No. 13968, on September 8, 1960, completed a well in the center of the SW/4 of Section 24, and a well in the NE/4 of the NE/4 of the NE/4 of Section 26, both in Township 16 North, Range 2 East, Lincoln County, Oklahoma, and said wells have encountered the Cleveland Sand, a separate common source of supply of gas and gas condensate, the first of such wells being completed as a dry hole, the second of such wells having been an old hole which has re-entered and completed in the Cleveland Sand as a producing well.

"5. That Order No. 43380 prescribed 160-acre drilling and spacing units for the development of and the production of gas and gas condensate from the Cleveland Sand underlying the lands covered by said Order, and authorized and permitted the well location to be at any point within a square ten acres in the center of each

drilling and spacing unit so established. That even though the wells mentioned above were in existence at the time of the hearing in Cause CD No. 13968, the Commission failed to pursue its established policy of granting exceptions to all legally drilled wells which are in existence at the time it promulgates a drilling and spacing unit application.

\* \* \* \* \* \*

"7. That in the interest of the prevention of waste and protection of correlative rights the application of Powel Briscoe, Inc. should be granted and the wells heretofore drilled as before-said and named in the paragraph next above should be declared to be the well for the Cleveland Sand common source of supply underlying the quater governmental section the same being a drilling and spacing unit prescribed pursuant to Order 43380, upon which said well is located, and that there will be no adverse affect upon those interested in said common source of supply by authorizing and permitting said wells to be the well for the drilling and spacing unit upon which each such well is located."

It will be noted that the relief sought by the applicant was a clarification of the previous order, to-wit: a determination that the Breeding well, being the discovery well, was to be excepted from the order requiring the well in such quarter section to be in the center thereof. The relief sought by the intervenors as stated in the brief that the eighty acres of intervenors in Section 23 and the north eighty of NE of Section 26 where the Breeding well is located be declared the spacing unit, an entirely different relief from that sought in the original application.

We are not going to hold that a different relief can never be sought in an intervening petition, but we believe and hold Section 112, Title 52 O.S.1961 applicable to such a situation if a change of relief sought is permissible. This section reads as follows:

"Any person affected by any Legislative or administrative order of the Commission shall have the right at any time to apply to the Commission to repeal, amend, modify, or supplement the same. Such application shall be in writing and shall be heard as expeditiously as possible after notice of the hearing thereon shall have been given in the manner provided by Section 14 of this Act. An appeal shall lie to the Supreme Court from any order made by the Commission in any such proceedings or from the refusal of the Commission to make any order petitioned for therein, in the same manner and within the same time in which other appeals are authorized to be taken by the provisions of this Act, and, on any such appeal, the Supreme Court may affirm the order of the Commission, or the Commission's action in refusing to make the order petitioned for, or may itself make the order which the Commission should have made, or remand the cause to the Commission with directions to make such order as the Supreme Court may determine should have been made."

We have heretofore held that the notice required is jurisdictional and that failure to give such notice does not comply with the requirements of due process. See Carter Oil Co. v. State, 205 Okl. 374, 238 P.2d 300. Therein we said:

"We hold that the Corporation Commission is without power or authority to review and modify a former order, establishing a well spacing unit, which order has become final, without first giving statutory notice, to all interested parties, of a hearing to be had on the question of modification or change of the order."

We therefore hold that where the issues raised in the original application are changed by an intervening application that

248

to vest the Corporation Commission with jurisdiction to hear such new issue, notice must be given as required by Section 112, supra.

The order of the Corporation Commission is affirmed.

HALLEY, V. C. J., and DAVISON, WILLIAMS, JACKSON, IRWIN and BERRY, JJ., concur.

BLACKBIRD, C. J., and WELCH, J., concur in result.