**N. D. CRUTCHER CONSTRUCTION COMPANY and Bituminous Casualty Company, Petitioners,**

v.

**Clyde HARBIN, Jr., and the State Industrial Court, Respondents.**

No. 41935.

Supreme Court of Oklahoma.

Nov. 7, 1967.

Gerald K. Donovan, Rogers, Donovan & Rogers, Tulsa, for petitioners.

Aden M. Brown, Tulsa, Charles R. Nesbitt, Atty. Gen., for respondents.

IRWIN, Vice Chief Justice.

Respondent contends that the award of the State Industrial Court is void because of certain procedural irregularities occurring in the trial court.

The trial judge on October 29, 1965, entered an award allowing the claimant 2½ per cent permanent partial disability to the body as a whole due to a back injury, and 20 per cent permanent partial disability to the right foot. All parties appealed to the Industrial Court sitting en banc. On November 8, 1965, the trial judge, without notice to the parties, entered a corrected order allowing the same percentages of disability, but correcting a mathematical calculation. Both parties appealed to the court sitting en banc from the corrected order.

The Industrial Court sitting en banc on January 12, 1966, entered an order modifying the order of the trial judge entered on November 8, 1965, by awarding 15 per cent permanent partial disability to the body as a whole due to the back injury and affirming in other respects.

On January 25, 1966, respondent filed an application to vacate the order entered by

the court sitting en banc on January 12, 1966. The court sitting en banc on January 26, 1966, entered an order vacating its prior order and set the cause for oral argument before the court en banc on March 2, 1966.

The Industrial Court sitting en banc on March 2, 1966, entered an order vacating the order of the trial judge entered on November 8, 1965, affirmed its own order entered on January 26, 1966, effective January 31, 1966, and modified the order of the trial judge entered October 29, 1965, by allowing the claimant 15 per cent permanent partial disability to the body as a whole for injuries to his back and affirmed in other respects. Respondent prosecutes an appeal to this Court.

■ No proceedings were filed in this Court challenging the correctness of any order of the State Industrial Court until the present Petition for Review was filed challenging the Industrial Court's order entered on March 2, 1966. In Jones v. Troup-Moore & Hall Drilling Company, Okl., 359 P.2d 577, we held:

"The State Industrial Court has jurisdiction over its orders for a period of twenty days after a copy thereof has been sent to the parties affected thereby, during which period the court may vacate or refuse to vacate any order, * * *."

The Industrial Court had jurisdiction and authority to enter the order of January 26, 1966, vacating its prior order of January 12, 1966, and committed no error in so doing.

Respondent contends the trial court was without jurisdiction to enter its "corrected order" of November 8, 1965, and that subsequent orders purporting to modify such order are invalid. To sustain this contention respondent cites B. F. Goodrich Company v. State Industrial Court, Okl., 429 P.2d 787. In that case the State Industrial Court sitting en banc vacated a prior order it had entered, which affected the substantial rights of the parties without notice to the adverse party and without affording an opportunity to be heard. The cause was remanded and the claim was adjudicated by a trial judge and affirmed by the State Industrial Court sitting en banc as though the order of the State Industrial Court sitting en banc remanding the cause was a valid order.

■ In the instant proceeding, each party appealed to the State Industrial Court sitting en banc from both orders entered by the trial judge and the court sitting en banc vacated the "corrected order" of November 8, 1965, and modified the order of October 29, 1965. Although the "corrected order" may have been a nullity, the Court en banc acquired jurisdiction and retained jurisdiction of the order of October 29, 1965. The ultimate effect of its final order under review was a modification in part and an affirmance in part of the trial judge's order of October 29, 1965. Therefore, even though the "corrected order" of November 8, 1965, may have been a nullity, the substantial rights of the parties were not affected by such order.

■ Respondent argues that the Court en banc should have remanded the case to the trial judge for the entering of a new order. The court en banc was not required to remand the case to the trial judge for a new trial or the entering of a new order. Under the provisions of 85 O.S.1961, § 77(9) the State Industrial Court, sitting en banc is required to review the case "on the record made before the trial Commissioner [now judge]" and "issue such order, decision or award as it may deem proper, just and equitable." It may, if it deems necessary, remand the case to the trial judge for further proceedings, but is not required to do so in every case. Edmonds v. Skelly Oil Co., 204 Okl. 471, 231 P.2d 360.

The order of the State Industrial Court, sitting en banc, was properly entered and the case is now regularly before this Court for review on the merits.

■ Respondent contends that the evidence is insufficient to sustain the award. We have examined the evidence and, although conflicting, it is sufficient to sustain the award of the Industrial Court. We will

not disturb an award of the State Industrial Court supported by any competent evidence. State Highway Department v. Rhine, Okl., 411 P.2d 548; Curtis v. Transcon Lines, Inc., Okl., 411 P.2d 544; Blackwell v. Special Indemnity Fund, Okl., 398 P.2d 665.

 Lastly, respondent contends that the Industrial Court erred in calculating the amount of the award. Counsel for the respondent misinterprets the award. The court en banc affirmed that portion of the award of the trial judge allowing the claimant 20 per cent to the right foot and amended that portion of the award allowing permanent partial disability to the body as a whole by increasing the award from 2½ per cent to 15 per cent. The award, as modified by the court sitting en banc, is mathematically correct.

The award is sustained.

All the Justices concur.