LeRoy O. ARMSTRONG, Petitioner,

v.

NETHERLANDS PIPELINE CONSTRUCTION COMPANY and Commercial Insurance Company, Respondents.

LeRoy O. ARMSTRONG, Petitioner,

v.

STATE INDUSTRIAL COURT of the State of Oklahoma; Netherlands Pipeline Construction Company and Commercial Insurance Company, Respondents.

Nos. 42684, 42690.

Supreme Court of Oklahoma.

Dec. 3, 1968.

Joseph Bonner, James L. Sontag, Nowata, for petitioner, LeRoy O. Armstrong.

Bruce Green, U. S. Dist. Atty., William J. Settle, Asst. U. S. Dist. Atty., Muskogee, for petitioner, Veterans Administration.

Philip N. Landa, Rhodes, Hieronymus, Holloway & Wilson, Tulsa, G. T. Blankenship, Atty. Gen., for respondents.

HODGES, Justice.

There is presented here for review a corrected order on appeal entered by the State Industrial Court sitting en banc. Separate appeals are prosecuted to this court by petitioner, LeRoy O. Armstrong (appeal No. 42,684), the injured party, claimant below, and the Veterans Administration (appeal No. 42,690), claimant below, the governmental agency furnishing a portion of the medical care and treatment of claimant, Armstrong. There is no conflict of interests between the two petitioners. The two appeals are consolidated here for review and disposition. They will be hereinafter referred to as claimants. Respondent Netherlands Pipeline Construction Company will be referred to as respondent.

Claimant LeRoy G. Armstrong on May 22, 1964, while employed and working at a hazardous occupation for the respondent in the Kingdom of Netherlands referred to in the record as Holland, sustained a heart attack. The contract of employment was consummated in the State of Oklahoma, U. S. A. The occurrence of the accident and liability of the respondent for any disability sustained by the claimant is admitted.

Claimant was furnished medical care and treatment in the Netherlands by respondent and insurance carrier from May 22, 1964, until August 14, 1964. During the same period of time he was paid his full salary in lieu of compensation. He then returned to his home in Nowata, Oklahoma.

Respondent ceased payment of wages or compensation on August 14, 1964, and also ceased furnishing medical care and treatment.

Since August 14, 1964, claimant Armstrong has received medical care and treatment from Dr. W in Nowata, Oklahoma. During periods of time from January 29, 1965, until February 18, 1965, and November 16, 1965 until December 7, 1965, he was hospitalized and received medical care and treatment at the United States Veterans Hospital in Muskogee, Oklahoma.

Claimant filed his form 3 seeking compensation benefits and additional medical treatment in the office of the Oklahoma State Industrial Court on February 24, 1965. A hearing was held on March 20, 1965. The trial judge entered an award in favor of the claimant on December 28,

1965. The State Industrial Court, sitting en banc, on March 30, 1966, vacated the award and remanded the case for the taking of additional medical testimony. A second trial of the case occurred on December 22, 1966. The trial judge on July 6, 1967, entered an award in favor of the claimant. Respondent prosecuted an appeal to the court sitting en banc. The case was heard by the court sitting en banc on August 21, 1967, and on August 28, 1967, the court filed an order affirming the award entered by the trial judge on July 6, 1967. The court sitting en banc on September 6, 1967, without notice to the parties, entered a "corrected order" on appeal making substantial changes in the order of the court entered on August 28, 1967, and the award of the trial judge entered on July 6, 1967.

■ The sole contention of claimants on appeal is that the State Industrial Court had no jurisdiction to enter the "corrected order" dated September 6, 1967, without notice to the claimants, altering and changing its prior order entered on August 28, 1967, approving the award entered by the trial judge on July 6, 1967, and therefore the order is void.

The order entered on August 28, 1967, approved the finding made by the trial judge requiring the respondent to pay the medical expenses of the claimant Armstrong incurred in the Veterans Hospital. The corrected order entered on September 6, 1967, vacates this portion of the award and denied recovery for these expenses.

The award entered by the trial judge on July 6, 1967, allows the claimant Armstrong temporary compensation until December 22, 1966, and reserves for future determination the date for final termination of temporary disability. The corrected order provides for the termination of temporary disability on July 12, 1966, allowing 95 weeks and one day temporary compensation.

It is apparent that the new order entered by the court sitting en banc on September 6, 1967, is not in fact a "corrected order" but is a new order changing the award to the claimants as reflected in the award entered by the trial judge on July 6, 1967,

approved by the court en banc on August 28, 1967.

At all of the numerous hearings in the case parties have appeared represented by counsel. At the hearing on August 21, 1967, when the case was argued before the court sitting en banc, claimants appeared by counsel. A copy of the order affirming the award was mailed to him. He had every right to assume that the order was final. Most certainly he had a right to assume it would not be vacated a few days later without notice to him.

■ In B. F. Goodrich Company v. State Industrial Court, Okl., 429 P.2d 787, quoting from Smith v. State Industrial Court, Okl., 408 P.2d 317 supra, we said:

" 'Due process of law inexorably requires that the adversary parties before the State Industrial Court be given proper notice and an opportunity to be heard before any of their substantial rights are altered or affected. Amerada Petroleum Corp. v. Hester, 188 Okl. 394, 109 P.2d 820; C. K. Howard & Co. et al. v. McKay et al., 188 Okl. 623, 112 P.2d 169; Lewis v. Sinclair Prairie Oil Co., 189 Okl. 150, 114 P.2d 462, 463; McMinn v. State Industrial Court, 366 P.2d 954; Herb Banister Plumbing Co. v. Dreadin, Okl., 395 P.2d 645, 647. An order of the State Industrial Court which vacates or substantially alters a prior decision without notice to the adverse parties and without affording them an opportunity to be heard constitutes denial of due process and is void. Kiespert v. Jenkins, Okl., 324 P.2d 283, 285; Nelson v. Central State Roofing Co., Okl., 345 P.2d 866.' "

Respondent cites N. D. Crutcher Construction Co. v. Harbin, Okl., 434 P.2d 881, where a trial judge of the State Industrial Court, while an appeal was pending to the Industrial Court, sitting en banc, entered a corrective order correcting a mathematical calculation. We held that "Although the 'correction order' may have been a nullity, the court en banc acquired jurisdiction and retained jurisdiction of the order"

entering the original award. The court said, "Therefore, even though the 'corrected order' * * * may have been a nullity, the substantial rights of the parties were not affected by such order". The question of the "corrected order" being entered without notice was not involved. In the present case, "the substantial rights" of the claimants are materially "affected by" the entering of the corrected order. The case is not in point here.

The corrected order of the State Industrial Court filed on September 6, 1967, is hereby vacated.

It is so ordered.

All Justices concur.