Howard C. **ALEXANDER**, Petitioner,

v.

**CITY OF BRISTOW** et al., Respondents.

No. 45550.

Supreme Court of Oklahoma.

May 22, 1973.

E. W. Keller, Oklahoma City, Ed Chapman, Bristow, for petitioner.

Sam Hill, Fred Nicholas, Jr., Oklahoma City, for respondents.

SIMMS, Justice:

Petitioner filed a claim with the State Industrial Court for injuries allegedly received in an accident on December 18, 1969, while in the course of covered employment with respondent.

The Industrial Court heard the matter on June 8, 1970, on the issue of temporary total disability from February 26 to June 1, 1970, and on the issue of permanent partial disability. The trial court denied both temporary total and permanent partial disability.

Claimant testified as to his injury and that he had been referred to Dr. Mc by his attorney, and that this doctor had examined him twice.

Respondent entered as evidence medical reports from two doctors. Claimant offered no medical evidence during the hearing. The trial judge then ordered the cause submitted upon the medical report from Dr. Mc. This report was not furnished and the judge wrote petitioner's counsel, March 25, 1971, noting the report had not been submitted, and inquiring whether the matter could be concluded. Without further notice or hearing the judge entered the following order on November 10, 1971:

"That this case was tried on June 8, 1970, on the question of TTD from Feb. 26, 1970 to June 1, 1970, and PPD, if any, as a result of an accident on Dec. 18, 1969. That the case was to be submitted on receipt of the claimant's medical reports. That although request has been made the claimant has not furnished medical to substantiate his claim for compensation and is therefore denied."

The question in this appeal is whether the order reviewed violates the rule set forth in Armstrong v. Netherlands Pipeline Const. Co., (Okl.1968) 447 P.2d 762, that entry of an order without notice constitutes denial of due process although the

court has jurisdiction over the subject matter.

The record shows that the order denying compensation was entered without notice to petitioner that a final order would be entered unless a medical report was forthcoming. The communication from the trial judge to counsel concerning the lack of receipt of a medical report could not be considered notice since it did not advise the cause would be set down for a time certain. This is the very least that is required for due process. Armstrong v. Netherlands Pipeline Const. Co., *supra*. Herb Bannister Plumbing Co. v. Dreadlin, Okl., 395 P.2d 645.

The order denying an award is vacated, and the cause remanded with directions to give petitioner notice of a day certain on which the report of Dr. Mc shall be submitted; or, in the alternative, the claim be denied.

All the Justices concur.