Richard Wayne SNYDER, Petitioner,

v.

SMITH WELDING & FABRICATION, St. Paul Insurance Company and The Workers' Compensation Court, Respondents.

No. 65383.

Supreme Court of Oklahoma.

June 17, 1986.

As Corrected Nov. 23, 1987.

Rehearing Denied Nov. 24, 1987.

William J. Anton, Tulsa, for petitioner.

Paul V. McGivern, Jr., McGivern, Scott, Gilliard, & McGivern, Tulsa, for respondents.

OPALA, Justice.

The dispositive issue—resolved here by an affirmative answer—is whether the instant proceeding for review should be dismissed as untimely brought.

The claimant filed two claims against his employer and its insurer. The claims were consolidated and heard together. The trial judge's disposition, which bears September 12, 1985 as the date of the decision, was sent to the parties on September 16, 1985 [*the September 16th order*]. This order finds that the claimant did not sustain an accidental injury arising out of and in the course of his employment.

The claimant sought a "new trial" by motion filed on September 20, 1985. He alleged that if another trial were granted "newly discovered evidence" might change its outcome. Before a hearing on the motion—initially scheduled for October 3, 1985 but later reset for October 7, 1985—the trial judge vacated, ex parte, the September 16th order on September 23, 1985. Following the October 7, 1985 hearing, an order denying claimant's request for a new trial and "reinstating" the September 16th order was sent to the parties on October 22, 1985 [*the October 22nd order*].[1] The claimant's petition for review was brought here on *October 31, 1985.* For the reasons

to be stated, claimant's proceeding for review must be dismissed as untimely brought.

## I

### THE SEPTEMBER 23, 1985 EX PARTE VACATION ORDER, WHICH IS FACIALLY VOID AS VIOLATIVE OF DUE PROCESS, DID NOT EXTEND THE TIME TO COMMENCE A PROCEEDING TO REVIEW THE SEPTEMBER 16, 1985 ORDER

■ The Workers' Compensation Court has exclusive jurisdiction over its orders and awards *only* during the 20-day period prescribed by law for lodging a proceeding for review in the Supreme Court. Upon notice and adversary hearing, this trial tribunal may, within a period of twenty days *from the day the decision was sent to the parties,*[2] vacate its order or award, either *sua sponte* or upon application of the party affected. Once an award or order is effectively vacated in this manner, the claim stands as if no decision had ever been made.[3]

With the exception of default awards or orders,[4] the Workers' Compensation Court has no power summarily to vacate its awards or orders[5] without advance notice

---

1. This order, sent to the parties on October 22, 1985, bears October 17, 1985 as the date of the decision.

2. The time to appeal from an appealable district court decision runs from the day of its rendition, while the time to seek review of a Workers' Compensation Court decision runs from the date *it has been sent to the parties.* In this case, the 20-day period for lodging a review proceeding began to run on *September 16th* when the initial order was sent to the parties. *Cassidy v. Dielsen,* Okl., 560 P.2d 188, 190 [1977].
 *Oklahoma Pipe Line Co. v. State Industrial Commission,* 149 Okl. 162, 299 P. 180, 182 [1931]; *Union Indemnity Co. v. Saling,* 166 Okl. 133, 26 P.2d 217, 224 [1933]; *William A. Smith Construction Co. v. Price,* 178 Okl. 423, 63 P.2d 108, 111 [1936]; *Owens v. McCallum & Forber,* 186 Okl. 305, 97 P.2d 754, 755 [1940]; *Jones v. Troup-Moore & Hall Drilling Company,* Okl., 359 P.2d 577, 578 [1961]; *Sears, Roebuck & Company v. Heller,* Okl., 401 P.2d 184, 185–186 [1965]; *N.D. Crutcher Construction Company v. Harbin,* Okl., 434 P.2d 881, 883 [1967]; *Armstrong v. Netherlands Pipeline Construction Co.,* Okl., 447

P.2d 762, 764 [1968] and *B.F. Goodrich Company v. State Industrial Court,* Okl., 429 P.2d 787, 789–790 [1967].

3. *William A. Smith Construction Co. v. Price, supra* note 2 and *Adams v. City of Anadarko,* 202 Okl. 72, 210 P.2d 151, 152 [1949].

4. *Sears, Roebuck & Company v. Heller, supra* note 2 at 186; *Smith v. State Industrial Court,* Okl., 408 P.2d 317, 321 [1965] and *B.F. Goodrich Company v. State Industrial Court, supra* note 2 at 790.
 In *Smith, supra* at 321, we said that "[t]he exception applicable to defaults is based on the premise that 'one who obtains a default judgment is charged with notice that the judgment is merely conditional in the sense that it will not become final and absolute until the time within which it may be vacated has expired.'"

5. The employer has a legally protectible interest in an order that denies compensation to an employee. The order may not be either vacated or modified without notice to the employer and an opportunity to be heard in the defense of the

to the parties and an adversary proceeding. Due process of law inexorably requires that the parties be given notice and an opportunity to be heard before any of their substantial rights may be altered or affected.[6] *Any compensation order, other than one by default, which vacates a prior decision without notice and adversary hearing, constitutes a denial of due process and is void.*[7]

The September 23, 1985 action, by which the trial judge vacated the September 16th order and thus deprived the employer and its insurer of their rights in that disposition, was rendered without affording to the parties (a) advance notice of the time and place of the hearing and (b) the opportunity to resist the vacation of the decision. This fact stands undisputed on the face of the record before us. Furthermore, there is no indication here that the employer (or the insurer) had been afforded an opportunity for but waived its right to a hearing or that it consented to the adverse order.

One who is aggrieved by a decision of the trial judge of the Workers' Compensation Court has three available remedies: (a) he can appeal to a three-judge review panel within ten days of the date the order or award is sent;[8] (b) he can file a proceeding for review in the Supreme Court within 20 days after the trial judge's order is sent;[9] or (c) he can, upon notice to the opposite parties and after an adversary hearing, secure vacation of the adverse decision by order *which must be sent to the parties within the 20-day statutory peri-* od *that runs from the date the decision which is to be set aside has been sent.*[10] None of these remedies was invoked here. Instead of lodging an appeal to the three-judge review panel or timely filing an original proceeding in this court to review the September 16th order, the claimant elected to seek reconsideration of the adverse decision by a "motion for new trial"—a procedural device unauthorized and unavailable in the compensation court procedure.[11]

In short, the trial judge was *without jurisdiction* when he vacated, ex parte, the September 16th order. We hence hold that the September 23rd vacation order, which is ineffectual and facially void, did not extend the claimant's time to bring a proceeding for review of the September 16th order.[12]

## II

NEITHER THE UNAUTHORIZED NEW-TRIAL MOTION NOR THE TRIAL JUDGE'S OCTOBER 22, 1985 ORDER, WHICH IS FACIALLY VOID FOR LACK OF JURISDICTION, EXTENDED THE TIME TO BRING A PROCEEDING TO REVIEW THE SEPTEMBER 16, 1985 ORDER

The October 22, 1985 order denying the claimant's motion for new trial was effected *after* expiration of the 20-day period—the time during which the trial tribunal could have acted with respect to its decision. This time limit, which ran here from the September 16th order, could not be

order's validity or continued efficacy. *McMinn v. State Industrial Court,* Okl., 366 P.2d 954, 947 [1961]; *Carpenter v. Powel Briscoe, Inc.,* Okl., 380 P.2d 245, 247 [1963]; *Smith v. State Industrial Court, supra* note 4 at 320; *B.F. Goodrich Company v. State Industrial Court, supra* note 2 at 789 and *Armstrong v. Netherlands Pipeline Construction Co., supra* note 2 at 764.

6. See cases cited in *supra* note 5.

7. *Union Indemnity Co. v. Saling, supra* note 2, 26 P.2d at 224.

8. 85 O.S.1981 § 3.6(A).

9. 85 O.S.1981 § 3.6(B) and Rule 1.100(a), Rules on Perfecting a Civil Appeal, *infra* note 13.

10. See cases cited in *supra* note 2.

11. The provisions of 12 O.S.1981 § 651, which authorize and define the function of a motion for new trial, apply *only* to suits in the district courts. The legislature has not authorized a similar procedural device to secure judicial reconsideration of an order or award made in the Workers' Compensation Court. *Knowles v. Whitehead Oil Co.,* 121 Okl. 55, 247 P. 653 [1926]; *Transcontinental Oil Co. v. Eoff,* 126 Okl. 91, 258 P. 743 [1927]; *Magnolia Petroleum Co. v. Mitchell,* 181 Okl. 48, 72 P.2d 502, 504 [1937]; *B.F. Goodrich Company v. State Industrial Court, supra* note 2 at 789 and *Lincoln Rock Corp. v. Voyles,* Okl., 590 P.2d 186, 188 [1979].

12. *Union Indemnity Co. v. Saling, supra* note 2.

extended either by a motion for new trial [13] or by the void September 23rd vacation order. The trial judge was hence without jurisdiction to make *any order* on October 22nd. At this point in time more than twenty days had already elapsed from September 16, 1985, the date of the original decision whose prior vacation was legally inefficacious.

Although the respondent did not seek dismissal of this proceeding on the ground that it was filed here too late, there is no impediment to our *sua sponte* consideration of the fatal defect in the commencement of this case. This court has an affirmative duty to inquire into its jurisdiction in every matter before it.[14] The September 16th order is beyond the reach of our reviewing cognizance and must hence remain undisturbed. The September 23rd vacation and the October 22nd reinstatement actions are both facially void and of no effect. Neither could extend the time to bring here a proceeding for review of the September 16th order. The claimant's petition for review, filed here October 31, 1985, was not timely brought.

## PROCEEDING DISMISSED.

**13.** Rule 1.76, Rules on Perfecting a Civil Appeal, 12 O.S.1981, Ch. 15, App. 2, provides in pertinent part:

"APPEALS FROM *TRIBUNALS OTHER THAN THE DISTRICT COURT*
PART III. GENERAL PROVISIONS APPLICABLE TO OTHER CIVIL APPEALS
\* \* \* \* \* \*
Rule 1.76. Other rules applicable
Unless specifically provided otherwise in any subsequent Part of these Rules the following provisions shall apply:
(a) *The time for commencing the appeal cannot be extended either by the tribunal or by this court, and the filing of a motion for a new trial, reconsideration, re-examination, rehearing or to vacate the decision shall not operate to extend the time to appeal.* \* \* \* " [Emphasis added.]
Rule 1.100(a), Rules on Perfecting a Civil Appeal, 12 O.S.Supp.1985, Ch. 15, App. 2, provides:
"PART III(b). PROCEEDINGS TO REVIEW A DECISION OF THE WORKERS' COMPENSATION COURT
Rule 1.100 Mode and time of commencing proceedings
(a) *Decisions reviewable and time for their commencement.* A decision of the trial judge

DOOLIN, C.J., HARGRAVE, V.C.J., and LAVENDER and KAUGER, JJ., concur.

SIMMS, ALMA WILSON and SUMMERS, JJ., dissent.

## SUPPLEMENTAL OPINION ON REHEARING

OPALA, Justice.

 One who seeks corrective relief is *responsible* for, and *bound by*, the contents of the record presented for review.[1] Court proceedings reflected in the instruments a party has designated for inclusion, when incorporated in the assembled record by the court clerk's certificate and transmitted to this court, *cannot be changed* or *impeached by affidavit* offered in support of the appealing party's *rehearing petition. In re Hess' Estate*, Okl., 379 P.2d 851, 859 [1963]; *Sooner Federal Sav. and Loan Ass'n v. Mobley*, Okl., 645 P.2d 1000, 1004 [1982]; *Eckel v. Adair*, Okl., 698 P.2d 921, 925 [1985] and *Hart v. Jett Enterprises, Inc., et al.,* 744 P.2d 561 (Opala, J., concurring); see also, *State ex rel. Department of Highways v. Lehman*, Okl., 462

or of the Workers' Compensation Court en banc may be brought for review to this court in compliance with 85 O.S.1981 § 3.6 and the Rules in Part III and III(b). *The proceeding shall be commenced by filing a petition for review in this court within twenty days after a copy of the adverse decision shall have been sent to the parties affected.* \* \* \* " [Emphasis added.]
See also, *Sandoma Petroleum Co. v. Tow,* 90 Okl. 276, 217 P. 412 [1923]; *Knowles v. Whitehead Oil Co., supra* note 11; *Graver Corporation v. Cullum,* 136 Okl. 209, 277 P. 265, 267 [1929]; *Mills v. W.E. Logan & Sons,* Okl., 281 P.2d 175, 178 [1955] and *B.F. Goodrich Company v. State Industrial Court, supra* note 2 at 789.

**14.** *Cate v. Archon Oil Co., Inc.,* Okl., 695 P.2d 1352, 1356 [1985].

**1.** "Fundamental fairness in litigation process cannot be afforded except within a framework of orderly procedure. No area of the law may lay claim to exemption from the range of its basic strictures—not even the workers' compensation law. Chaos, caprice and ad hoc pronouncements would inevitably follow from any departure." *Pryse Monument Co. v. District Court, Etc.,* Okl., 595 P.2d 435, 438 [1979].

P.2d 649, 650 [1969] and *Martin v. Chapel, Wilkinson, Riggs, and Abney,* Okl., 637 P.2d 81, 87 [1981].

Rehearing is accordingly denied.

DOOLIN., C.J., HARGRAVE, V.C.J., and LAVENDER and KAUGER, JJ., concur.

SIMMS, ALMA WILSON and SUMMERS, JJ., dissent.

ALMA WILSON, Justice, with whom SUMMERS, Justice, joins, dissenting to denial of rehearing.

In his petition for rehearing the claimant argues that the September 23, 1985, vacation of the September 16, 1985, order was not ex parte as this Court's opinion states, but that in fact attorneys for both parties were present and agreed to the vacation. Included in the petition for rehearing is an affidavit from Paul McGivern, Jr., attorney for respondents, stating that he was present on September 23, 1985, along with attorney for claimant when the vacation order was adopted, and "that pending the outcome of Petitioners Motion for New Trial, both parties were aware of and agreed to said vacation order." An examination of the record does not reveal whether the September 23, 1985, order was ex parte. As both parties agree, contrary to our opinion, that the order was not ex parte, this case needs to be decided upon other grounds.

On the timely vacation of the September 16, 1985, order on September 23, 1985, by agreement of the parties, the claim stands as if no decision had ever been made. *William A. Smith Construction Co. v. Price,* 178 Okl. 423, 63 P.2d 108, 111 (1936), *Adams v. City of Anadarko,* 202 Okl. 72, 210 P.2d 151, 152 (1949). The order arising from the October 7, 1985, hearing was sent October 22, 1985, and timely appealed to this Court on October 31, 1985. Dismissal of this appeal on the erroneous sua sponte fact assumption that the September 23, 1985, hearing was ex parte should be reconsidered by this Court. I would grant rehearing.